## Guasp *v.* Rosch.

### Apelación procedente de la Corte de Distrito de Mayagüez.

No 33. Resuelto en Noviembre 8, 1905.

Excepción previa.—Nuevos hechos.—El objeto de la excepción previa es dar al demandado una ocasión para demostrar que los hechos enumerados en la demanda no son suficientes para constituir una causa de acción de acuerdo con la ley, y por lo tanto la excepción previa no debía contener hechos nuevos y debe concretarse solamente á aquellos hechos alegados en la demanda.

Id.—Apelación.—Una orden desestimando una excepción previa no es una sentencia definitiva y por lo tanto no es una orden apelable.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Alvarez Nava.*
La parte apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el Tribunal de Distrito de Mayagüez, el demandante Demetrio Guasp, dedujo demanda contra la Sucesión de Luis Rosch, para el cobro de un crédito hipotecario. El escrito de demanda fué presentado en 16 de enero de 1905. En 20 de marzo de 1905, el demandado presentó una excepción previa, alegando que había otra demanda pendiente entre las mismas partes y por la misma causa, citando la sección 105 del Código de Enjuiciamiento Civil. En la excepción previa, se exponen hechos que no aparecen en la demanda, al efecto, que el mismo demandante había entablado otra demanda por la misma causa de acción; que había perdido ese pleito, y que había interpuesto recurso de apelación ante el Tribunal Supremo. El tribunal inferior desechó dicha excepción previa.

Los autos en el presente caso están muy mal preparados. La anterior demanda y la sentencia dictada por el Tribunal en la misma, han sido elevadas á esta Corte sin nada que demuestre la forma en que han llegado á constituir una parte de los autos.

El apelado, sin embargo, no ha comparecido ante este Tribunal, y puesto que puede llevarse la causa al Tribunal inferior para su resolución definitiva, y plantearse la misma cuestión, creemos conveniente observar que para que prevalezca semejante excepción previa, se exige por la sección 105, que el punto que motiva la queja, resulte del contenido de la demanda.

El recurso de apelación se ha interpuesto contra la providencia del tribunal, desestimando la excepción previa, y no hay nada que demuestre que el demandado sostuvo sus derechos, ó que se declaró firme la excepción previa. Así es que el recurso de apelación no parece hallarse entre los comprendidos en la sección 295 del Código de Enjuiciamiento Civil.

Puede ser que el párrafo inicial de la sección 5a. no esté tan claro en la traducción castellana como debiera estar, pero las palabras "cuando resultase del contenido de aquélla" (*on the face thereof*) en el ejemplar inglés, se refieren á la demanda; y esto es necesariamente así, cuando se tiene presente que el objeto de la excepción previa no es establecer hechos nuevos, sino que es el método del demandado para declarar que los hechos expuestos en la demanda, no son suficientes, según la ley.

En el presente caso no había nada en el contenido de la demanda, que demostrase que había otra causa de acción pendiente entre las mismas partes.

Como el presente recurso de apelación no parece haber sido interpuesto contra una sentencia definitiva, debe desestimarse con las costas al apelante.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.