VICENTE QUILINCHINI ET ALS., demandantes y apelantes, *v.* COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, ET ALS., demandados y apelados.

Núm. 8892.—*Sometido:* Abril 18, 1944. *Resuelto:* Mayo 25, 1944.

*Virgilio Brunet,* abogado de los apelantes; *Hon. Procurador General Interino M. Rodríguez Ramos, A. E. Franco Cabrero, Subprocurador General,* abogado éste de la Comisión de Servicio Público y abogados todos de la Comisión mencionada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En pleito seguido sobre sentencia declaratoria la corte inferior declaró con lugar una excepción previa de falta de causa de acción. El secretario de dicha corte notificó al demandante la resolución como si en efecto se tratase de una contra la cual pudiese establecerse recurso de apelación. El demandante, inducido a error sin duda por la forma en que el secretario hizo la notificación, no pidió que se dictara sentencia, sino que apeló de la resolución para ante este Tribunal. Radicaron alegatos escritos las partes e informaron oralmente el día de la vista, pero nadie alegó que la resolución no fuese apelable.

■■ La apelación es un remedio que sólo existe cuando es concedido por estatuto o por algún precepto constitucional. En Puerto Rico el artículo 295 del Código de Enjuiciamiento Civil (ed. 1933) especifica cuáles son las resoluciones o sentencias de las cortes de distrito contra las cuales puede establecerse recurso de apelación para ante el Tribunal Supremo. Dichas sentencias o resoluciones las clasifica el citado artículo en tres grupos, a saber:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction*; negándose a conceder o anular un *injunction*; anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

Existen además leyes especiales que conceden recurso de apelación o de revisión para ante el Tribunal Supremo, pero ni en los tres grupos comprendidos en el artículo 295, supra, ni en las aludidas leyes especiales, se concede apelación contra una resolución declarando con o sin lugar una excepción previa. Es lógico que así sea, ya que una resolución de esa índole no es final.

■ Repetidamente ha resuelto este tribunal que fuera del recurso que se establezca contra la sentencia que ponga fin al pleito, sólo podrá revisarse una resolución declarando con o sin lugar una excepción previa, solicitando el perju-

dicado de la corte inferior que, a base de la resolución resolviendo la excepción previa, dicte la sentencia que corresponda, y es contra la sentencia así dictada que puede establecerse el recurso de apelación. *Guasp* v. *Rosch*, 9 D.P.R. 348; *El Pueblo* v. *Barnés*, 12 D.P.R. 28; *Hernández* v. *Cabassa et al.*, 14 D.P.R. 462, y *Sucesión Nieves* v. *Sucesión Sánchez*, 17 D.P.R. 872. Véanse además *General Distillers Ltd.* v. *Wholesale Liquor Drivers-Salesmen, etc.* (Cal., 1943), 135 P. (2d) 592, y *Madsen et al.* v. *Turlock Irrigation Dist.* (Cal., 1943), 133 P. (2d) 416.

*Procede la desestimación del recurso.*

El Juez Presidente Sr. Travieso no intervino.