JOSÉ E. RODRÍGUEZ SERRA, demandante y apelado, *v.* TRIBUNAL MUNICIPAL DE PUERTO RICO, SECCIÓN DE PONCE, SALA PRIMERA, HON. RAFAEL ORTIZ PACHECO, JUEZ, recurrido; FAUSTINO RAMOS, apelante.

Número 10682.
*Sometido:* 26 de enero de 1953. *Resuelto:* 21 de abril de 1953.

*Inés Acevedo de Campos* y *Rafael Muñoz Ramos,* abogados del apelante; *Práxedes Álvarez Leandri* y *Héctor Lugo Bougal,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

El señor José E. Rodríguez Serra compareció ante el anterior Tribunal Municipal de Puerto Rico, Sala de Ponce, mediante una demanda de accesión donde alega ser dueño de un solar ubicado en el barrio Canas de la barriada Clausells de Ponce, el cual está arrendado al señor Faustino Ramos; que sobre el solar arrendado el señor Ramos edificó una casa de maderas, techada de zinc; que dicha casa tiene un valor de $500; que el señor Rodríguez Serra interesa adquirir la casa construída por el señor Ramos de acuerdo con el derecho que le concede el artículo 297 del Código Civil de Puerto Rico, y mediante la indemnización establecida en los artículos 382 y 383 del mismo código. En virtud de tales alegaciones se solicitó del tribunal que dictara sentencia declarando el derecho del demandante a adquirir dicha casa mediante el procedimiento de accesión, comprometiéndose el demandante a consignar en el tribunal, a disposición del demandado, los $500 que él cree que vale la propiedad, o en su defecto, a consignar el importe de la tasación que determinaren los peritos nombrados por el tribunal. Solicitó además que una vez firme la sentencia y consignado el valor correspondiente de la casa, se le ordenara al demandado dejar libre y expedita la referida casa, y que si se negare a ello, se procediere a su lanzamiento por el alguacil del tribunal.

Contra dicha solicitud el demandado señor Faustino Ramos radicó una moción de desestimación por el fundamento

que la demanda no aducía hechos constitutivos de una causa de acción. Resolviendo la moción de desestimación el señor Juez del anterior Tribunal Municipal de Puerto Rico, Sala de Ponce, dictó la siguiente resolución, la cual fué notificada en la forma que sigue a dicha resolución.

### "Resolución.

"Visto el expediente del caso y la moción de desestimación de la demanda interpuesta por la parte demandada, el Tribunal entiende que la Ley está en contra del demandante y declara con lugar dicha moción de desestimación a la demanda, y en su consecuencia declara sin lugar la demanda, sin especial imposición de costas.

"Dada en Ponce, Puerto Rico, a 12 de marzo de 1951.

"(Fdo.) R. Ortiz Pacheco
"Juez Municipal, Sala Primera
"Ponce, P. R.

"Certifico:

"Que con esta fecha he remitido por correo debidamente franqueado copia de esta resolución a las partes en este caso o sea Lcdo. Práxedes Álvarez, Calle Vives de Ponce, como abg. del demandante y Lcda. Inés Acevedo de Campos abg. del demandado a su dirección Calle Castillo de Ponce, P. R., existiendo como existe un servicio regular y diario de correo.

"Ponce, Puerto Rico, a 12 de marzo de 1951.

"(Fdo.) Hipólita Ortiz
"Sub. Sec."

El día 27 de marzo de 1951 el demandante señor José E. Rodríguez Serra presentó una moción que copiada al pie de la letra dice así:

### "Moción para que se Dicte Sentencia.

"Comparece el demandante en el presente caso, por conducto de sus abogados que suscriben, y respetuosamente expone y solicita:

"1. Que con fecha 12 de marzo del año en curso, este Honorable Tribunal dictó resolución declarando con lugar la moción de desestimación de la demanda, interpuesta por la parte contraria.

"2. Que la demanda en cuestión no es susceptible de enmienda en términos de la resolución de este Honorable Tribunal.

"3. Que la parte demandante se propone apelar este caso.

"POR LAS RAZONES EXPUESTAS, respetuosamente, la parte demandante solicita de este Honorable Tribunal dicte sentencia final en su contra.

"En Ponce, Puerto Rico, a 27 de marzo de 1951.

"HÉCTOR LUGO BOUGAL
"PRÁXEDES ÁLVAREZ LEANDRI
"Abogados del demandante
"Por: (Fdo.) Héctor Lugo Bougal."

El día 28 de marzo de 1951 el demandado señor Faustino Ramos radicó otra moción que copiada al pie de la letra dice así:

"MOCIÓN.

"COMPARECE el demandado por sus abogados que suscriben y al Hon. Tribunal respetuosamente ALEGA:

"Primero: Que el demandante ha radicado moción en el caso de epígrafe para que se dicte sentencia final en su contra, alegando como fundamento para ello que el 12 del presente mes de marzo este Hon. Tribunal dictó resolución declarando con lugar la moción de desestimación de la demanda interpuesta por el demandado.

"Segundo: Que en la citada resolución no solamente fué declarada con lugar la moción de desestimación a la demanda sino que además se declaró *sin lugar la demanda* sin especial condenación de costas.

"Tercero: Que la referida resolución pone fin al caso de epígrafe y tiene los efectos de una sentencia definitiva y firme por no haber sido apelada y no procede que la Corte dicte ahora otra sentencia en el caso ya que el mismo es uno definitivamente terminado.

"POR LO QUE, el demandado del Hon. Tribunal SOLICITA desestime la moción del demandante solicitando nueva sentencia en su contra.

"Ponce, Puerto Rico, a 28 de marzo de 1951.

"R. Muñoz Ramos
"I. Acevedo de Campos
"Por: (Fdo.) Inés Acevedo de Campos
"Abogados del demandado
Castillo 34, Ponce, P. R."

El día 3 de mayo de 1951 el señor juez del anterior tribunal municipal dictó una segunda "resolución" declarando sin lugar la moción para que se dictara sentencia radicada por el demandante apelado el día 27 de marzo de 1951. La resolución es demasiado extensa para que intentemos transcribirla en su totalidad, pero los fundamentos de la misma podrían resumirse de la siguiente manera: (1) que la resolución dictada el 12 de marzo de 1951, declarando con lugar la moción de desestimación, tiene el carácter de sentencia, porque puso fin a la controversia entre las partes, no habiéndose establecido ningún recurso de apelación contra dicha resolución; (2) que la regla 52 inciso (a) de las Reglas de Enjuiciamiento Civil de Puerto Rico, que dispone la obligación de los tribunales a consignar sus conclusiones de hechos y de derecho, no es aplicable a los anteriores tribunales municipales.

Después de esta segunda "resolución" negándose el anterior tribunal municipal a dictar sentencia, el demandante señor Rodríguez Serra radicó en el anterior Tribunal de Distrito de Puerto Rico, Sección de Ponce, una solicitud de *certiorari*, alegando que el Tribunal Municipal de Puerto Rico, Sección de Ponce, había cometido error al resolver que no era necesario dictar sentencia en el caso de epígrafe, por ser equivalente su resolución de 12 de marzo de 1951 a una sentencia, la cual debió ser apelada dentro del término que fija el estatuto para apelar del anterior tribunal municipal al anterior tribunal de distrito, todo ello contrario a la ley que regula las apelaciones de las cortes municipales a las cortes de distrito y a la jurisprudencia del Tribunal Supremo de Puerto Rico sobre la materia. Expedido el auto de certiorari compareció el tribunal recurrido por medio de una excepción previa, alegando que la petición de certiorari no aducía hechos constitutivos de causa de acción.

Parece que durante la discusión del recurso ante el anterior Tribunal de Distrito de Puerto Rico, Sección de Ponce, las partes sometieron el recurso de certiorari por los siguientes fundamentos: (1) que en la demanda ante el tribunal

municipal anterior no se alegaba quiénes eran las partes en el litigio, limitándose a mencionar sus nombres en el título de la demanda; (2) que al momento de radicarse la demanda no se hizo consignación alguna del precio del inmueble; (3) que en la demanda original no se alegaba que el contrato de arrendamiento estuviera vencido y (4) que la legislación vigente impedía la acción de accesión.

En una bien meditada opinión el Juez sentenciador señor Ramón A. Gadea Picó, aplicando correctamente la doctrina legal más confiable, declaró sin lugar los cuatro fundamentos esenciales que se adujeron en la discusión del recurso, o sea, que no es necesario alegar en la parte expositiva de la demanda el nombre de las partes en el litigio, siendo suficiente su inclusión en el título de la acción: regla 8 (a) y regla 10 (a) de las Reglas de Enjuiciamiento Civil de Puerto Rico, Moore's *Federal Practice* 2da. ed., Tomo 2 págs. 1619, 2003; que una demanda de accesión no necesita alegar que el demandante ha hecho una previa consignación, o que ha pagado el valor de la cosa objeto de la acción con anterioridad a su radicación, *Echegaray* v. *Tribunal de Distrito*, 72 D.P.R. 445; que el artículo 12 de la Ley de Alquileres Razonables de 1946 es inconstitucional y nulo en tanto en cuanto prohiba a un dueño tramitar una acción posesoria contra un arrendatario cuando el dueño interesa de buena fe recuperar la propiedad arrendada para dedicarla a su propio uso, si ha expirado el término contractual, *Rivera* v. *Cobián Chinea*, 181 F.2d 974; vide además la opinión del Juez Asociado señor Benjamín Ortiz en *Roselló Hermanos* v. *Figueroa*, ante pág. 432; que en un procedimiento de accesión iniciado después de estar en vigor la Ley de Alquileres Razonables de Puerto Rico, pueden adjudicarse los derechos referentes al título, aunque el desalojo del inquilino tenga que litigarse de acuerdo con la ley y los reglamentos promulgados sobre inquilinato, *García* v. *Stella*, 69 D.P.R. 977; que las Reglas de Enjuiciamiento Civil de Puerto Rico son aplicables a los procedimientos habidos en

las anteriores cortes municipales, Ley número 465 de 25 de abril 1946 ((1) pág. 1357). Como resultado de sus conclusiones anuló las resoluciones dictadas por el anterior Tribunal Municipal de Puerto Rico, Sala de Ponce, Sección Primera, en el caso civil número L.O.—22 de fecha 12 de marzo de 1951 y 3 de mayo 1951. No conforme con dicha sentencia, el demandado en la acción original, apeló ante este tribunal, señalando como errores la anulación de las resoluciones anteriores y la actuación de la anterior corte de distrito al declarar con lugar el recurso de certiorari.

■■ No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de las dos constituye un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final. Existe además entre ambas una diferencia en la práctica seguida para la notificación. Cuando se trata de una resolución, el tribunal notifica a las partes sin advertirles de su derecho a apelación. Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar. En este caso basta examinar la notificación que recibió el demandante para darse cuenta que el propio tribunal municipal recurrido entendió que se trataba de una resolución y no de una sentencia.

La confusión entre estos dos términos proviene de la regla liberal adoptada por los tribunales en cuanto a considerar como sentencia, cualquiera resolución que en realidad de derecho, constituya una adjudicación final sobre los méritos, y sobre la cual asimismo se haya realizado la notificación debida: *Espósito* v. *Corte*, 43 D.P.R. 630; *Santiago* v. *Benvenutti*, 43 D.P.R. 358; *Osorio* v. *Planis*, 41 D.P.R. 770; *Revilla*

v. *Corte de Distrito*, 39 D.P.R. 64. La resolución de algunas excepciones previas puede constituir una adjudicación final: *Aguilera* v. *Pérez*, 51 D.P.R. 1; *Laloma* v. *Fernández*, 61 D.P.R. 569.

■ Entre las resoluciones de excepciones previas que pueden constituir una adjudicación final, está comprendida la anterior excepción previa que la demanda no aduce hechos suficientes para constituir una causa de acción. La doctrina sigue siendo la misma bajo las Reglas de Enjuiciamiento Civil de Puerto Rico, en virtud de las mociones de desestimación por el fundamento similar que la demanda deja "de exponer hechos constitutivos de una causa de acción": regla · 12(*b*) (6); *García* v. *Gobierno de la Capital*, 72 D.P.R. 138.

■■ Para dictar sentencia sobre una moción de desestimación, que aduzca como fundamento la insuficiencia de hechos, el tribunal debe estar totalmente convencido que ninguna enmienda posterior de la demanda podría subsanar la exposición de hechos insuficientes. En caso de duda, la misma debe ser resuelta a favor del alegante, y concederle derecho a enmendar sus alegaciones, ya que cualquiera aplicación mecánica de esta regla podría defraudar los fines de la justicia. Este tribunal ha establecido la norma que ninguna alegación debe ser desestimada, a menos que el tribunal esté totalmente convencido que su insuficiencia sea de tal naturaleza que no permita el ejercicio de la acción correspondiente, y que, las alegaciones deben interpretarse liberalmente para tal propósito: *Boulon* v. *Pérez*, 70 D.P.R. 988, 993; *González* v. *Hawayek*, 71 D.P.R. 528. En este caso el anterior tribunal municipal, al declarar sin lugar la demanda por falta de hechos suficientes, partió del supuesto que la demanda no podría ser mejorada en virtud de ninguna enmienda. Cuando se aplica un criterio como éste tenemos que adoptar ante la resolución concernida una actitud crítica de tanta severidad como la que adoptó el propio tribunal recurrido para examinar la suficiencia de las alegaciones, ya que el espíritu de nuestro nuevo tiempo judicial es distinto. El

procedimiento es un puro elemento formal, necesario para establecer una práctica o rutina aceptable a la aceleración de los procedimientos judiciales, pero no debe utilizarse como un medio para derrotar los derechos substantivos de una parte. La opinión rendida por el Juez sentenciador señor Ramón A. Gadea Picó, nos deja convencidos que la demanda no sólo hubiera sido suceptible de enmienda, sino que era suficiente en sí misma para la causa de acción ejercitada, y quien erró al decretar su insuficiencia fué el anterior juez municipal.

Ante la situación creada por la resolución dictada por el juez municipal con su resolución de 12 de marzo de 1951 declarando sin lugar la demanda, sin conceder término alguno para enmienda posterior, y de la insuficiencia de la notificación cursada por la secretaría del anterior tribunal municipal el demandante hizo lo que lógicamente aconseja la buena práctica, solicitar sentencia para apelar: *Quilinchini* v. *Comisión Servicio Público*, 63 D.P.R. 681.

Ahora aduce ante nosotros el demandado apelante, que por haber transcurrido el término para apelar de la resolución dictada el 12 de marzo de 1951, el anterior Tribunal de Distrito de Puerto Rico, Sala de Ponce, no podía expedir un certiorari para revisar dicha resolución. En primer lugar, es altamente improbable que pudiéramos considerar el efecto práctico de la resolución dictada el 12 de marzo de 1951, declarando con lugar la moción de desestimación y sin lugar la demanda, como una sentencia. El caso de *Aguilera* v. *Pérez*, supra, en que se basa el demandado apelante es un caso donde se dictó una sentencia, y se notificó como tal sentencia y no se dictó una resolución pretendiendo ser una sentencia y se notificó como tal resolución, que es el caso que está hoy ante nuestra consideración. Todo el texto de dicha decisión habla de sentencias dictadas al declarar con lugar una excepción previa. En segundo lugar la resolución declarando sin lugar una excepción previa aducida contra una demanda no es apelable, según hemos visto: *Quilinchini* v. *Comisión de Servicio Público*, supra. No habiéndose concedido por el tribunal mu-

nicipal término alguno a la parte para enmendar su alegación, ni habiéndose notificado por la secretaría, término alguno desde el cual apelar no es difícil concluir que nunca se produjo ningún término obligatorio de apelación.

 Estamos conformes que la regla general es que no se debe expedir ningún auto de certiorari, cuando la parte contra quien se ha dictado sentencia, pierde su recurso ordinario de apelación en el caso, por haber dejado transcurrir el término para apelar: *Puente* v. *Corte*, 61 D.P.R. 674. Pero esta regla, como todas las reglas establecidas en una ciencia de estructuras tan flúidas como es el derecho, tiene sus excepciones. El poder inherente de los tribunales para lograr los fines básicos de la justicia puede enfrentarse victoriosamente en muchos casos con los llamados "términos fatales". Pueden existir circunstancias extraordinarias o especiales que estimulen la discreción de la corte superior para expedir el recurso de certiorari, no obstante haber transcurrido el término de apelación: *Vázquez* v. *Corte*, 52 D.P.R. 257; *Román* v. *Corte Municipal*, 59 D.P.R. 482. El caso que nos ocupa es uno característico de esas circunstancias especiales. En primer lugar se había dictado por el juez una resolución que ha debido ser una sentencia, ya que la intención del tribunal municipal fué poner término a la controversia entre las partes. En segundo lugar, la notificación había sido errónea, ya que se había cursado la notificación correspondiente a una resolución incidental y no a una sentencia final. En tercer lugar, bastaba una simple lectura de las alegaciones para darse cuenta que la demanda era suficiente, aunque el juez municipal de buena fe, creyó que adolecía de un defecto incurable, como era la falta de consignación del precio, *Echegaray* v. *Tribunal de Distrito*, supra. No podemos, pues, convenir con el demandado apelante que el anterior Tribunal de Distrito de Puerto Rico, Sala de Ponce, cometiera error al expedir el recurso de *certiorari*.

 Consideremos ahora el otro problema de derecho que se presentó ante los dos tribunales que intervinieron en la

resolución de este caso en primera instancia. ¿Tenían los anteriores tribunales municipales la obligación de hacer conclusiones de hecho y de derecho bajo la regla 52 (*a*) de las Reglas de Enjuiciamiento Civil de Puerto Rico? La regla 1 establece que las nuevas reglas "rigen el procedimiento en las cortes de justicia de Puerto Rico en todas las acciones de carácter civil". El hecho que en apelación el caso tuviera que verse de nuevo, no relevaría al juez municipal de hacer sus conclusiones de hecho y de derecho, ya que la regla es general para todas las cortes de justicia de Puerto Rico. Además las conclusiones de hechos y de derecho no persiguen únicamente el propósito de facilitar el procedimiento de apelación, sino también hacer operativas las defensas de impedimento de nueva acción por sentencia anterior y de cosa juzgada. También se considera que esta recapitulación por escrito de los fundamentos factuales y legales ayuda al juez en su labor de elaborar científicamente un fallo más justo. *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766; 5 Moore's *Federal Practice* 2da. ed. pág. 2652; *United States* v. *Forness*, 125 F.2d 928 (1942). En este caso, el ilustrado Juez del Segundo Circuito señor Jerome N. Frank, se expresa en estos términos:

"Se dice a veces que el requisito que el juez sentenciador haga conclusiones de hechos es principalmente para la conveniencia de las cortes de apelación. Aunque sirve ese fin, tiene un propósito aún más importante—el de extremar el cuidado por parte del juez sentenciador en la determinación de los hechos. Porque, como todo juez sabe, el expresar en palabras precisas los hechos tal como ante él desfilan es la mejor manera de evitar el descuido en el desempeño de ese deber: A menudo una impresión dominante recogida de la evidencia, que los hechos son de esta o de aquella forma, se desvanece cuando se trata de poner esa impresión por escrito. El tribunal sentenciador es la agencia más importante de la rama judicial del gobierno, precisamente porque en ella descansa la responsabilidad de concluir sobre los hechos del caso. Cuando un juez juzga un caso sin jurado, esa responsabilidad es suya. Y no es una responsabilidad leve, ya que a menos que sus conclusiones sean 'claramente erróneas', ninguna corte superior puede alterarlas. El deter-

minar los hechos del caso no es acto mecánico. Es un arte difícil, mejor que una ciencia. Envuelve habilidad y discernimiento. Toda vez que el buscar la verdad es un empeño humano, no puede, por supuesto, ser perfecto e infalible. Por esa misma razón debe hacerse todo esfuerzo para descubrirla tan adecuadamente como sea posible dentro de nuestras limitaciones humanas."

Claro está que después de la aprobación de la Ley número 11 aprobada en 24 de julio de 1952 ((2) pág. 31), donde nuestros anteriores tribunales municipales se convirtieron en verdaderas cortes de récord, y la apelación se ha convertido en un verdadero procedimiento de revisión, no puede existir duda de la obligación de nuestras actuales cortes de distrito, (antes municipales) de incluir en cada uno de los casos vistos ante ellas, en que sean aplicables las reglas, sus conclusiones de hecho y de derecho.

Ahora bien, ¿subsiste esta obligación cuando se trate de la resolución de una moción de desestimación? La regla general es que si la moción de desestimación está basada en los siguientes fundamentos: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) falta de competencia del tribunal, (4) insuficiencia del emplazamiento, e (5) insuficiencia de la notificación de un emplazamiento, por tratarse de la resolución de una simple cuestión de derecho que se desprende fácilmente de las propias alegaciones, no es necesario incluir con el fallo conclusiones de hecho y de derecho. Cuando se trata de una moción de desestimación por dejar de exponer la demanda hechos constitutivos de una causa de acción—regla 12*(b)* (6)—los hechos legados se convierten en conclusiones de hecho, y por lo tanto no hay que incluir conclusiones de hechos probados. En cuanto a la obligación de incluir conclusiones de derecho depende de la naturaleza de la acción. Cuando los hechos son suficientes para explicar por sí mismos el punto de derecho envuelto, como sucede en casos de alegaciones mixtas de hecho y de derecho, no se necesitan las conclusiones de derecho. En

todos los otros casos la posición más segura es incluir conclusiones de derecho, máxime cuando la regla es que las sentencias dictadas en virtud de una moción de desestimación dirigida a los méritos, como es la moción de desestimación de falta de hechos constitutivos de una causa de acción, especialmente si contiene todas las circunstancias o hechos esenciales que pueden existir en determinada situación jurídica, constituyen un impedimento a un pleito posterior basado en la misma causa de acción: *Laloma* v. *Fernández*, supra, pág. 572, o cosa juzgada, dentro de sus propias esferas procesales, *Aguilera* v. *Pérez*, supra, pág. 5. Véase además *García* v. *Gobierno de la Capital*, supra, pág. 150. Esta regla es la misma tanto para los anteriores tribunales municipales como para el nuevo tribunal de distrito, creado en virtud de la Ley número 11 de 24 de julio de 1952, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico.

*Procede confirmar la sentencia apelada.*