# 97 DTA 177

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

NORBERT RODRIGUEZ
Peticionario

v.

JOHNSON & JOHNSON Y OTROS
Recurridos

Núm. KLCE-97-00270

San Juan, Puerto Rico, a 21 de agosto de 1997

Panel integrado por su presidente Juez González Román
y los Jueces González Rivera y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Norbert Rodríguez solicita la revisión de una orden del Tribunal de Primera Instancia, Sala Superior de Caguas, en la cual se autorizó la toma de deposición a los testigos anunciados por él en este pleito. En su recurso el señor Rodríguez plantea que el tribunal recurrido erró al autorizar estas deposiciones sin determinar previamente la existencia de circunstancias especiales que las justifiquen, según lo requiere la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 y sigs. Asimismo, señala que al no considerar su oposición a la solicitud de la parte aquí recurrida, Ethicon Co., División of Johnson & Johnson Professional Co. (P.R.) Inc. (en adelante *"Ethicon"*), el tribunal recurrido no tuvo ante sí los elementos de juicio necesarios para autorizar tales deposiciones.

Para dilucidar estos señalamientos es necesario hacer una breve relación de los antecedentes procesales pertinentes.

### I

El 18 de junio de 1996, el señor Rodríguez presentó una querella contra Ethicon ante el Tribunal de Primera Instancia, Sala Superior de Caguas, en la cual alegó que trabajó para la parte querellada por espacio de un año y cinco meses hasta el 3 de agosto de 1995, cuando fue despedido por alegadamente incurrir en hostigamiento sexual contra otro empleado. Alegó además, que la verdadera razón para su despido fue que él le había imputado hostigamiento sexual en el empleo a otra empleada anteriormente. Basándose en tales alegaciones, solicitó su restitución, la compensación por la pérdida de ingresos, y las angustias y sufrimientos mentales sufridos, según establece la Ley Núm. 17 de 22 de abril de 1988, que prohibe el hostigamiento sexual en el empleo; e invocó el procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada.

Posteriormente, Ethicon presentó su contestación a la querella, en la cual negó todas las alegaciones esenciales y alegó que el querellante incurrió en conducta altamente impropia en el servicio sanitario de caballeros con relación a un compañero de trabajo. Luego, presentó una moción en la cual solicitó autorización para deponer a los testigos del querellante, en la cual alegó lo siguiente:

*"Las deposiciones son necesarias para conocer los hechos sobre los cuales se proponen declarar en el juicio, y poder defender adecuadamente a Ethicon de las imputaciones de actuación ilegal que hace el querellante. A modo de ejemplo, uno de los testigos anunciados es un supervisor al cual Ethicon despidió. Ethicon necesita descubrir cabalmente lo que éste y los otros testigos del querellante se proponen declarar sobre el alegado hostigamiento y los incidentes que protagonizó el querellante en agosto de 1995. Ethicon no tiene otra manera efectiva de obtener esta información y, sin ella, no se puede defender adecuadamente.*

*La información es indispensable para la defensa de Ethicon en esta acción civil, y rogamos se autoricen estas deposiciones como cuestión de debido proceso."*

En la moción se propusieron fechas y horas para la toma de las deposiciones anteriores a la fecha límite impuesta por el tribunal para concluir el descubrimiento de prueba.

El 13 de febrero de 1997, el tribunal recurrido dictó una resolución en la que autoriza la toma de tales deposiciones. Esta es la resolución cuya revisión solicita el peticionario.

El 1 de abril de 1997, este Tribunal emitió una resolución ordenando la paralización de los procedimientos y concediendo un término a Ethicon para mostrar causa por la cual no debía expedirse el auto solicitado, dejarse sin efecto la resolución recurrida, y ordenarle al tribunal recurrido que determinara si existía la necesidad de tomar deposición a los testigos anunciados por el peticionario, según establece la Sección 3 de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3120, y formulara las determinaciones de hechos correspondientes. Ethicon dio cumplimiento a lo ordenado, y acompañó su escrito con copia de una orden emitida por el tribunal recurrido con posterioridad a la recurrida. Esa orden fue dictada en atención a la oposición presentada por el peticionario, y en ella el tribunal recurrido instruye a Ethicon tomar *"las medidas necesarias e inmediatas que aseguren que no se afectará el curso de los procedimientos",* e indica que para el 14 de abril de 1997, el descubrimiento de prueba debía estar concluido.

## II

El propósito de la Asamblea Legislativa al aprobar la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 *et seq.,* fue establecer un procedimiento sumario especial para impartirle rapidez y eficacia a la tramitación de las reclamaciones de salarios incoadas por los empleados contra sus patronos. ■

Para lograr este propósito, la Sección 3 de la Ley Núm. 2, 32 L.P.R.A. sec. 3120, establece una serie de limitaciones al procedimiento ordinario establecido por las Reglas de Procedimiento Civil. Entre tales limitaciones, dispone lo siguiente con relación a los mecanismos de descubrimiento de prueba anteriores al juicio autorizados por las de Reglas de Procedimiento Civil:

*[L]a parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar...excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento.* (Enfasis Suplido.)

En el dictamen cuya revisión se solicita en el caso de autos, el tribunal recurrido dispuso *"según solicitado"* a la petición de la parte querellada sobre la autorización para la toma de deposiciones a los testigos anunciados por el señor Rodríguez. Tal orden, sin ninguna determinación o fundamento dificulta la función revisora de este Tribunal. ■ No obstante, examinados los argumentos esgrimidos por el señor Rodríguez tanto en la oposición presentada ante el tribunal recurrido como en el recurso de *certiorari,* este Tribunal concluye que los mismos son insuficientes para demostrar que el tribunal recurrido abusara de su discreción al autorizar la toma de las deposiciones.

El peticionario argumenta que la Ley Núm. 2 tiene el propósito de *"nivelar el campo entre el patrono y el trabajador que reclama salario o cualquier otro derecho".* Anteriormente indicamos que el propósito de la ley es otro, distinto al que el peticionario le atribuye. Por otro lado, aunque al momento de autorizar la toma de las deposiciones el tribunal recurrido no tuvo ante sí la oposición presentada, resulta que sí la consideró posteriormente y dentro de su discreción, no modificó la orden aquí recurrida. ■

## III

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado por el peticionario. El Tribunal recurrido deberá celebrar prontamente una vista para conceder un nuevo término para concluir el descubrimiento de prueba y pautar los señalamientos pendientes.

Notifíquese inmediatamente por correo ordinario.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 177

**1.** El alcance de la Ley Núm. 2 se ha extendido para que el procedimiento judicial sumario pueda utilizarse con relación a diversas reclamaciones: 1) cualesquiera derechos o beneficios laborales; 2) cualesquiera sumas por concepto de compensación por trabajo o labor realizado; 3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa; o 4) cuando el legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores. *Rivera Rivera v. Insular Wire Products, Corp.*, **96 J.T.S. 76.**

**2.** Es imprescindible señalar la importancia de los jueces del Tribunal de Primera Instancia fundamentar sus dictámenes, por lo menos sucintamente. *Rodríguez y Tribl. Mpal. v. Ramos,* 74 D.P.R. 656 (1953). La *"recapitulación por escrito de los fundamentos factuales y legales ayuda al juez en su labor de elaborar científicamente un fallo más justo". Rodríguez y Tribl. Mpal. v. Ramos, supra,* pág. 668. Además, sólo así las partes podrán conocer el porqué de las determinaciones y la parte adversamente afectada podrá evaluar si procede o no instar un recurso ante el Tribunal de Circuito de Apelaciones. Esto, a su vez, conlleva varias ventajas: (a) reduce el costo de los litigios ya que las partes pensarían dos veces antes de presentar recursos frívolos por los cuales puedan estar sujetos a sanciones; (b) descarga los tribunales revisores, pudiéndose de esta manera resolver de manera más eficiente y procesalmente económica los recursos en revisión; y (c) asegura a las partes dos oportunidades reales de que los dictámenes de instancia puedan ser revisados por dos foros de mayor jerarquía, el Tribunal de Circuito de Apelaciones y el Tribunal Supremo.

**3.** Advertimos que fue la parte recurrida la que sometió copia a este Tribunal de la orden dictada con posterioridad a la aquí recurrida. A tenor con la Regla 34 (E)(1)(d) de las del Reglamento de este Tribunal, el apéndice del recurso de *certiorari* debe contener, entre otros documentos, *"[t]oda resolución u orden...que forme parte del expediente original del Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta".*