Opinión disidente emitida por el
Juez Asociado Señor Martínez Torres.
Disiento respetuosamente de la decisión de este Tribunal. Esta tiene un doble efecto pernicioso. En primer *865 lugar, relaja demasiado la norma que exige que se notifique a las partes cuándo comienza el plazo para apelar. En segundo lugar y como resultado de lo anterior, priva a una parte de su oportunidad de apelar porque lo hizo tarde aunque, irónicamente, la notificación que le daba certeza del inicio del término para apelar fue defectuosa.
Hasta ahora, este Tribunal ha reconocido siempre la importancia de que el Tribunal de Primera Instancia le notifique a las partes cuándo comienza el plazo para apelar. A tal fin, la Regla 46 de Procedimiento Civil de 1979, según enmendada, 32 L.P.R.A. Ap. III, establece que “[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo”. Véase también la Regla 53.1(c), 32 L.P.R.A. Ap. III. Esto “no es un mero requisito impuesto por las Reglas de Procedimiento Civil”. Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 8 (2000), citando a Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 989 (1995). La notificación correcta “es característica imprescindible del debido proceso de ley”. Rodríguez Mora v. García Lloréns, 147 D.P.R. 305, 309 (1998). Por consiguiente, hemos resuelto que “si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas”. Falcón Padilla v. Maídonado Quirós, supra, pág. 990.
El Tribunal se niega hoy a aplicar esa norma en este recurso, porque lo que se notificó mal fue una resolución y no una sentencia. Olvida que no estamos ante cualquier resolución, sino ante una que, por disposición expresa de las Reglas 47 y 53.1(g)(2) de Procedimiento Civil de 1979, según enmendadas, 32 L.P.R.A. Ap. III, tiene el mismo efecto que una sentencia, pues es el dictamen que termina el procedimiento en el Tribunal de Primera Instancia y el archivo en autos de su notificación es el evento que activa el plazo para apelar.
*866 Por esa razón, no me convence la distinción que hace el Tribunal. De hecho, el caso citado para sostenerla no se refiere a una resolución de las que activa el plazo para apelar, sino a una resolución interlocutoria sumaria que no era apelable. En ese tipo de resolución no hay que advertir a las partes de su derecho a apelar, precisamente porque la resolución no es apelable. De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899 (1998). Por otro lado, en Rodríguez v. Tribl. Mpal. y Ramos, 74 D.P.R. 656, 667 (1953), decidimos que una sentencia denominada erróneamente “resolución” era apelable y como tal, su “notificación había sido errónea, ya que se había cursado la notificación correspondiente a una resolución incidental y no a una sentencia final”. Nunca resolvimos que la notificación errónea de una resolución no tenía efecto. Además, contrario a lo que resolve-mos ahora, revisamos entonces el dictamen del foro primario, aunque el recurso se presentó fuera del plazo para apelar, precisamente debido a la notificación defectuosa de la sentencia.
Tratándose de una resolución que puede activar el término para apelar, considero que debemos tratarla igual que cuando es la sentencia la que activa ese mismo plazo.(1) El hecho de que se haya solicitado una reconsideración de la sentencia no debe privarle a ninguna parte de su derecho a que se le indique cuándo comienza el plazo para apelar. Precisamente por eso es que el formulario diseñado para notificar las resoluciones en reconsideración de sentencia es distinto al que se utiliza para notificar las resoluciones interlocutorias.
Más aún, la solución que dio el Tribunal de Apelaciones —declarar prematura la apelación y advertirle a la Secretaría del Tribunal de Primera Instancia que notifique la resolución con el formulario que advierte del derecho a *867 apelar— me parece más justa que la solución a la que llega este Tribunal hoy: declarar tardía la apelación y privar a la parte de la apelación a la que de otro modo tendría derecho. En síntesis, le estamos diciendo a una parte que presentó tarde su apelación en el foro intermedio, aunque el Tribunal de Primera Instancia no le advirtió de su derecho a apelar. Estamos declarando tardío un recurso, aunque la parte perjudicada no fue informada con certeza del inicio del plazo para apelar.
El formulario OAT-082 se diseñó para evitar esa injusticia. No estoy de acuerdo en que nuestras sentencias causen lo que una notificación correcta pudo evitar. Por eso, disiento muy respetuosamente.

 De hecho, cuando entre en vigor la Regla 47 de Procedimiento Civil de 2009, la resolución emitida para resolver una moción de reconsideración será siempre la que inaugure el término para apelar.