Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| | | |
|---|---|---|
| Ermelinda Rivera Ramos, Jován I. Rivera Díaz y Héctor L. Rivera Ayala<br><br>**Recurridos**<br><br>vs.<br><br>SCI Puerto Rico, SCI Shared Resources, LLC., SCI Puerto Rico Funeral and Cementery Services, Inc., Dignity Memorial, Services Corp. International, Funeraria del Ángel Parque de Luz representada por su gerente Yaditza Cruz Rodríguez, Yaditza Cruz Rodríguez en su carácter personal, Fulano de Tal, demandados ABC y Aseguradora XYZ<br><br>**Demandados**<br><br>Yaditza Cruz Rodríguez<br><br>**Peticionaria**<br><br>Municipio Autónomo de Caguas representado por su alcalde, Hon. William E. Miranda Torres<br><br>Parte Indispensable | KLCE202500441 | ***Certiorari***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br><br>Caso Núm. CG2024CV04217<br><br><br>Sobre:<br><br>Petición de *Injunction* y/o Entredicho Preliminar y Permanente; Sentencia Declaratoria; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de mayo de 2025.

El 24 de abril de 2025, la Sra. Yaditza Cruz Rodríguez (señora

Cruz Rodríguez o peticionaria) compareció ante nos mediante

*Petición de Certiorari* y solicitó la revisión de una *Orden* que se notificó el 6 de marzo de 2025 y se notificó el 10 de igual mes y año por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de desestimación que presentó la peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y *modificamos* el dictamen recurrido a los efectos de desestimar la causa de acción en contra de la señora Cruz en su carácter personal, así modificado *confirmamos*.

**I.**

El 13 de noviembre de 2024, la Sra. Ermelinda Rivera Ramos (señora Rivera Ramos), el Sr. Jován Israel Rivera Díaz, y el Sr. Héctor Luis Rivera Ayala (en conjunto, los recurridos) presentaron una *Demanda* sobre petición de *injunction* y/o entredicho preliminar y permanente, sentencia declaratoria, y daños y perjuicios en contra de SCI Puerto Rico, SCI Shared Resources, LLC., SCI Puerto Rico Funeral and Cementery Services, Inc., Dignity Memorial, Services Corp. International**, Funeraria del Ángel Parque de Luz representada por su gerente la señora Cruz Rodríguez, ésta última en su carácter personal**, Fulano de Tal, demandados ABC y Aseguradora XYZ (parte demandada).[1]

Adujeron que, el 8 de febrero de 1994, la señora Rivera Ramos y su esposo fallecido, el Sr. Luis Antonio Pérez (señor Pérez), otorgaron una Escritura de Servidumbres Recíproca con las Empresas Stewart- Funeraria Parque de Luz sobre una propiedad ubicada en el municipio de Caguas. Plantearon que el objetivo de la servidumbre era que el señor Pérez continuara beneficiándose del uso de paso de peatones, vehículos y estacionamiento para continuar operando su floristería y cafetería. Ello luego de haberle

---

[1] Véase, págs. 1-14 del apéndice del recurso.

vendido mediante Escritura Pública a la Empresas Stewart-Funeraria Parque de Luz la parcela donde ubica la actual Funeraria del Ángel Parque de Luz. Puntualizaron que se acordó que las servidumbres serían renovadas automáticamente cada diez (10) años.

Por otro lado, señalaron que la actual dueña del terreno de la Funeraria del Ángel Parque de Luz era la sociedad civil SCI Puerto Rico y que su gerente actual era la señora Cruz Rodríguez. En cuanto a la floristería y cafetería del señor Pérez, indicaron que éstas se le arrendaron al Sr. Héctor Rivera Ayala (señor Rivera Ayala) y posteriormente, a su hijo, el Sr. Jován Israel Rivera para operar una floristería y un club de nutrición. Además, sostuvieron que actualmente, el señor Rivera Ayala era el administrador de los locales comerciales ubicados en la primera planta. Por otro lado, alegaron que, el señor Rivera Ayala y la representante legal de SCI Puerto Rico se reunieron para discutir un asunto relacionado a la intención de los demandados, para colocar una verja que separaría los dos terrenos. Indicaron que, dicha comunicación quedó sujeta a que la representante legal de SCI Puerto Rico discutiera la conversación que se llevó a cabo en la referida reunión con la administración de dicha compañía, para luego comunicarle al señor Rivera Ayala y poder mantener una buena relación comercial y cumplir con la servidumbre recíproca.

Sin embargo, manifestaron que la parte demandada hizo caso omiso a las conversaciones de continuar cumpliendo con las servidumbres recíprocas y el 26 de junio de 2023, se le envió una misiva a la señora Rivera Ramos y al señor Rivera informándole que el 27 de junio de 2023 se comenzaría la construcción de la verja. Plantearon que ello provocó que se quedaran imposibilitados de reclamar o tomar conocimiento si en efecto se habían solicitado los permisos correspondientes o si se realizó gestión alguna en el

Registro de la Propiedad en cumplimiento con la Ley para realizar dicha construcción. Añadieron que, el 24 de enero de 2024, la señora Cruz Rodríguez les envió una misiva informándoles la terminación de la servidumbre recíproca. Argumentaron que, ello se llevó a cabo sin haberse cumplido con las disposiciones reglamentarias del municipio de Caguas y sin haberse acudido al Tribunal para que emitiera una orden al Registro de la Propiedad para la cancelación de la servidumbre recíproca.

Sostuvieron que, dichas acciones le habían provocado grandes daños y perdidas por haberse afectado el uso de estacionamiento para los clientes y los empleados, así como el paseo peatonal. Afirmaron que ello provocó una baja significativa en las ventas y ganancias de los negocios. Además, expresaron que la parte demandada no contaba con su consentimiento para la construcción de la verja. Por las razones antes expuestas, le solicitaron al TPI a que emitiera un *injunction* preliminar para demoler la verja y un *injunction* permanente para además de demoler la verja, evitar que se formalice la obra. Por último, solicitó una indemnización de $75,031.81 por concepto de daños y pérdidas económicas, $15,000.00 por sufrimientos y angustias mentales, y $10,000.00 por honorarios de abogado.

Así las cosas, el 4 de febrero de 2025, la señora Cruz Rodríguez presentó una solicitud de desestimación.[2] En ésta indicó que, si se tomaban como ciertas las alegaciones de la *Demanda*, únicamente para los fines del presente escrito, se podía concluir que no se le imputaba ni una sola causa de acción en su contra, ni como gerente de la Funeraria del Ángel Parque de Luz ni en su carácter personal por lo que procedía la desestimación de la demanda en su contra. Particularmente, señaló que, la única alegación referente a

---

[2] Íd., págs. 16-22.

ella fue la relacionada al envió de una misiva a los recurridos. Así pues, afirmó que cualquier interacción que tuvo con los recurridos o cualquier decisión que llevó a cabo surgió como parte del desempeño que sus funciones inherentes al empleo y no para su beneficio propio. Así pues, reafirmó que no procedía la causa de acción en su contra.

Por su parte, el 28 de febrero de 2025, los recurridos presentaron su oposición a la solicitud de desestimación.[3] Puntualizaron que, habían identificado conductas por parte de la señora Cruz Rodríguez que evidenciaban que ésta actuaba en su carácter personal en contra de ellos y no en su capacidad como gerente de la funeraria. En primer lugar, manifestaron que la funeraria tomó la decisión de asfaltar el área de estacionamiento, sin el permiso de los recurridos, y durante dicha obra se removieron unos *wheel stops* y cuando el señor Rivera Ramos se lo comunicó a la señora Cruz Rodríguez, ésta última desatendió la preocupación y les informó que debían instalarlo ellos. Expresaron que dicha acción reflejó la postura personal de la peticionaria y provocó que el acceso a los estacionamientos de la floristería y el club nutricional se viesen afectados.

Por otro lado, alegaron que la señora Cruz Rodríguez promovió activamente la competencia desleal en detrimento de la floristería de los recurridos al distribuir tarjetas de presentación de otras floristerías a los clientes de la funeraria. Además, señalaron que la señora Cruz Rodríguez tuvo un rol activo en la instalación de la verja. Sostuvo que la peticionaria actuó de manera unilateral al notificarles un día antes de la construcción de la verja a pesar de haber tenido conocimiento de la servidumbre recíproca. A tales efectos, concluyeron que la señora Cruz Rodríguez actuó más allá

---

[3] Íd., págs. 24-32.

de sus deberes laborales tomando decisiones arbitrarias y con la intención deliberada de perjudicar a los recurridos por lo que no procedía desestimar la *Demanda* en su contra.

Evaluados los escritos de ambas partes, el 6 de marzo de 2025, el TPI emitió una *Orden* que se notificó el 10 de marzo de 2025 denegando la solicitud de desestimación.[4] En desacuerdo con este dictamen, el 24 de marzo de 2025, la señora Cruz Rodríguez presentó una solicitud de reconsideración reiterando sus argumentos de la solicitud de desestimación.[5] Atendida la solicitud de reconsideración, ese mismo día, el 24 de marzo de 2025, el TPI dictó y notificó una *Orden* declarando No Ha Lugar la solicitud de reconsideración.[6] Aún inconforme, el 24 de abril de 2025, la señora Cruz Rodríguez presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**Erró el TPI al denegar la moción solicitando desestimación en cuanto a la peticionaria.**

Atendido el recurso, el 28 de abril de 2025, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 5 de mayo de 2025 para presentar su postura en cuanto al recurso. Vencido el término para ello, la parte recurrida no presentó su respuesta al recurso de epígrafe. Por consiguiente, declaramos perfeccionado el presente recurso y estando en posición de resolver, procedemos a así hacerlo. *Veamos.*

**II.**

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales

---

[4] Íd., pág. 21.
[5] Íd., págs. 42-51.
[6] Íd., pág. 52.

apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que le permite a una parte solicitar la desestimación de una acción que ha sido presentada en su contra cuando es evidente de las alegaciones de alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043,1065 (2020). En particular, la referida regla lee como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.

Ahora bien, en lo pertinente a la controversia ante nos, el quinto inciso de la Regla 10.2 de Procedimiento Civil, *supra*, permite al demandado solicitar la desestimación de una acción cuando ésta "deja de exponer una reclamación que justifique la concesión de un remedio". Así pues, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos procesales de esta.

*Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). Al evaluar una moción de desestimación bajo este fundamento, los tribunales están obligados a dar por ciertos los hechos bien alegados en la demanda que han sido aseverados de manera clara y concluyente. Íd., pág. 84.

En vista de lo antes mencionado, al plantearse la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio, la demanda no debe desestimarse a menos que se desprenda con toda certeza que la parte no tiene derecho a remedio alguno, independientemente de los hechos que puedan ser probados en apoyo a su reclamación. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Por este motivo, el Tribunal tendrá que examinar con extrema cautela los hechos alegados y asegurarse de que no existe remedio a favor de la parte demandada y que la insuficiencia es de tal naturaleza que no permite el ejercicio de la acción correspondiente. *Rodríguez v. Tribl. Mpal. y Ramos*, 74 DPR 656, 665 (1953).

De igual forma cabe precisar que, el Tribunal Supremo de Puerto Rico ha expresado que al examinar una moción de este tipo debemos considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [é]ste, la demanda es suficiente para constituir una reclamación válida". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. Es decir, el Tribunal debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexis Nexis, 2010, pág. 268. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusivas con el

descubrimiento de prueba. Íd. Es por ello, que las alegaciones fácticas deben ser específicas, ya que la especulación no es suficiente para sostener una casusa de acción. Íd.

**III.**

En su único señalamiento de error, la señora Cruz Rodríguez argumentó que el TPI incidió al denegar su solicitud de desestimación. Particularmente, puntualizó que la *Demanda* que presentaron los recurridos únicamente mencionaba su nombre en tres (3) alegaciones, y que en éstas se desprendía que sus actuaciones fueron meramente derivadas de sus funciones como empleada de la funeraria. Para sostener su argumento, expresó que, en la alegación veintidós (22), la parte recurrida solamente reconoció su función como gerente de la funeraria en el momento que ocurrieron los hechos. Por otro lado, sostuvo que en la alegación veintiséis (26) meramente se mencionó su nombre para indicar que la reunión que se llevó a cabo entre la representación legal de SCI Puerto Rico y el señor Rivera fue en su oficina. Por último, indicó que en el inciso treinta y tres (33) los recurridos manifestaron que la peticionaria unilateralmente les envió una misiva referente a la servidumbre recíproca. Sobre ese aspecto, sostuvo que, como la carta fue cursada por instrucciones de su patrono, dicha actuación se llevó a cabo como parte de sus funciones como empleada.

En el presente caso, la señora Cruz Rodríguez solicita la desestimación de las causas de acción en su contra, tanto en su carácter personal, así como representante de la Funeraria Ángel Parque de Luz. Su contención es que las alegaciones antes descritas carecen de hechos suficientes que provean una base fáctica para sustentar las causas de acción en su contra.

Ante la presentación de una moción al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, estamos obligados a dar por ciertos los hechos bien alegados en la demanda que han sido

aseverados de manera clara y concluyente. Dicho esto, procedemos a evaluar las alegaciones de la Demanda y, tomándolas como ciertas, determinaremos si se configura una causa de acción válida en contra de la señora Cruz Rodríguez bajo cualquier estado de derecho que pueda probarse.

En el presente caso, los recurridos alegaron que SCI Puerto Rico, actual dueña del terreno de la Funeraria del Ángel Parque de Luz, eliminó la servidumbre recíproca pactada entre las partes al construir una verja sin su consentimiento, sin los permisos correspondientes, y sin haberse acudido al Tribunal para que emitiera una orden al Registro de la Propiedad para la cancelación de la servidumbre recíproca. En cuanto a la señora Cruz Rodríguez, indicaron tres (3) cosas, a saber: (1) que era gerente de la Funeraria del Ángel Parque de Luz en el momento de los hechos; (2) que la reunión entre el señor Rivera Ramos y la representante legal de SCI se llevó a cabo en la oficina de la señora Cruz Rodríguez; y, por último (3) que el 24 de enero de 2024, la peticionaria les envió una misiva informándoles la terminación de la servidumbre recíproca.

De un estudio detenido de las alegaciones contenidas en la *Demanda,* resolvemos que de ésta no surge que haya alegaciones específicas dirigidas en contra del carácter personal de la señora Cruz Rodríguez. En su Demanda, los recurridos reclaman daños debido a que la construcción de la verja afectó el uso de estacionamiento para los clientes y los empleados, así como el paseo peatonal. Además, afirmaron que ello provocó una baja significativa en las ventas y ganancias de los negocios. Como observamos, las alegaciones que menciona la peticionaria, se limitan a las actuaciones que ella llevo a cabo en su función como gerente de la funeraria. No se alude a hecho alguno por la cual ésta pueda ser responsable en su carácter personal. Es decir, nada se alega en

cuanto a cómo sus actuaciones personales justifican la concesión de los daños que se reclaman.

En virtud de lo antes expuesto, procede desestimar la *Demanda* en contra de la señora Cruz Rodríguez **únicamente** en su carácter personal. Aclaramos que con esta determinación no estamos prejuzgando si procede o no imponerle responsabilidad a la señora Cruz Rodríguez como representante de la Funeraria Ángel Parque de Luz. En su momento, el TPI determinará si procede o no imponerle responsabilidad a la señora Cruz Rodríguez en su carácter como gerente de la funeraria y a los demás co-demandados.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y ***modificamos*** el dictamen recurrido a los efectos de desestimar la causa de acción en contra de la señora Yaditza Cruz Rodríguez en su carácter personal, así modificado ***confirmamos***. En consecuencia, ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Caguas conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones