Asociación Cooperativa del Falansterio, demandante y apelada, v. Antonio Navarro, José Peña Rivera y Luis Alvarez García, demandados y apelantes.

Núm. 10201.—Sometido: Febrero 16, 1950.   Resuelto: Febrero 24, 1950.

Pedro E. Anglade, Hipólito Marcáno y José M. Valentín Esteves, abogados, respectivamente, de los apelantes; Rodolfo F. Aponte, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 30 de diciembre de 1949 el Tribunal del Distrito de San Juan dictó sentencia en el caso de autos declarando con lugar demanda de desahucio en acción instada por la Asociación Cooperativa del Falansterio contra varios demandados, aquí apelantes.

El 4 de enero de 1950 la Secretaria de dicho tribunal—según certificación por ella expedida—archivó en los autos del caso copia de la notificación escrita informándole a las partes de la sentencia dictada.

El 10 de enero del mismo año, tres de los demandados perdidosos radicaron escrito de apelación en la corte inferior, acompañado de la correspondiente fianza.

La demandante apelada solicita la desestimación del recurso por el fundamento de que el escrito de apelación fué radicado después del término de cinco días para ello prescrito por el artículo 630 del Código de Enjuiciamiento Civil—artículo 11 de la Ley de Desahucio. Acompaña a su moción la certificación expedida por la Secretaria de la corte inferior, en la cual se expresa la fecha en que la sentencia fué dictada; la fecha en que se archivó en autos "la copia de la notificación escrita informando a las partes de la sentencia que había sido dictada" y la fecha en que se radicó por los apelantes su escrito de apelación y la fianza, que son las fechas que antes dejamos consignadas. Sin embargo, de la certificación no aparece un hecho esencial cuya existencia reconoce y admite la propia apelada, y en el cual fundan su oposición a la desestimación los apelantes: que fué el 5 de enero de 1950 que se entregó por un empleado del tribunal inferior copia de la notificación de sentencia a los abogados de dos de los apelantes, y que fué el propio día 5 de enero que se envió por correo la copia de dicha notificación de sentencia al tercero de éstos.

En *Vando v. Corte Mpal.*, 65 D.P.R. 6, resolvimos que la ley aplicable a la notificación de una sentencia dictada por una corte municipal en un caso de desahucio lo era la Ley

de 11 de marzo de 1908, pág. 124, para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles, según enmendada por la Ley núm. 2 de 14 de marzo de 1929 ((1) pág. 123) en su artículo 1ro.;[1] y que las disposiciones contenidas en éste eran sustancialmente idénticas a las de la sección 2 de la Ley de 9 de marzo de 1911,[2] aplicables a las apelaciones de sentencias dictadas por las cortes de distrito.

En *Fog* v. *Corte,* 65 D.P.R. 161, también llegamos a la conclusión de que la ley aplicable a la notificación de una sentencia dictada por una corte municipal en un caso de reclamación de salarios es la de 11 de marzo de 1908, según enmendada; y que, en consecuencia, el término de cinco días para interponer el recurso de apelación empieza a contarse desde la fecha en que el secretario archiva en los autos del caso una copia de la notificación de la sentencia, siendo tal regla aplicable igualmente al término para apelar en los casos de desahucio. Ello es así en vista de las disposiciones expresas de las leyes de 11 de marzo de 1908 ya citada, en cuanto a las apelaciones de sentencias dictadas por las cortes municipales, y de 9 de marzo de 1911, en cuanto a las apelaciones de sentencias dictadas por las cortes de distrito.

[1]La parte pertinente de dicho artículo 1ro. lee:

"*Disponiéndose,* que en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación."

[2]La sección 2 de dicha ley dispone:

"En todos los casos en que se pueda establecer el recurso de apelación, según lo provisto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos."

■■ Sin embargo, el archivo en autos de copia de la notificación de sentencia no es ni puede ser un acto caprichoso del secretario. Presupone y requiere la notificación previa a la parte o su abogado, según proceda, en cualesquiera de las formas en que válidamente puede ésta hacerse. El archivo en autos de copia de la notificación constituye la constancia oficial de la notificación que la ley requiere, pero si ésta no se ha verificado, el archivo prematuro en autos de copia de la notificación carece de validez y el término para apelar no empieza a correr hasta que, una vez verificada la notificación, ésta da efecto al acto del archivo. Cuando la notificación es por correo, no puede el secretario archivar en autos copia de la notificación de la sentencia hasta que en efecto se hace el depósito en el correo. Mientras está en manos de un mensajero de la corte es como si estuviera en sus propias manos, y la notificación no se ha verificado. Igualmente, cuando la notificación es personal, no puede archivarse en autos copia de la misma hasta que el mensajero haga entrega de ella a la parte o su abogado, según sea el caso. De otro modo, podría alterarse, involuntaria o caprichosamente, el término fijado por ley para apelar y podría afectarse, o anularse totalmente, el derecho de apelación de un litigante.

Siendo un hecho admitido por la apelada que la notificación de la sentencia fué hecha a los demandados el día 5 de enero de 1950, el archivo en autos de copia de tal notificación el día 4 de enero fué prematuro, y no debe considerarse válidamente hecho sino desde el día 5, en que en efecto se llevó a cabo tal notificación. · En consecuencia, resolvemos que el escrito de apelación presentado el 10 de enero lo fué en término hábil.

*Procede declarar sin lugar la desestimación solicitada.*