Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nydia Moreno González<br><br>    Recurrida<br><br>              v.<br><br>Cooperativa de Ahorro y<br>Crédito de Añasco<br><br>      Peticionaria | Certiorari<br><br>2010 TSPR 17<br><br>178 DPR ____ |

Número del Caso: CC-2009-53

Fecha: 20 de enero de 2010

Tribunal de Apelaciones:

          Región Judicial de Mayagüez-Aguadilla

Juez Ponente:
                    Hon. Carlos Rodríguez Muñiz

Abogados de la Parte Peticionaria:

                    Lcdo. José L. Colom Fagundo
                    Lcda. Roxana M. Viera Canales

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del   Tribunal Supremo que está sujeto a los cambios y correccione  s del proceso de compilación y publicación oficial de las    decisiones del Tribunal. Su distribución electrónica se hace c   omo un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nayda Moreno González

     Recurrida

        v.

Cooperativa de Ahorro y
Crédito de Añasco

     Peticionaria

CC-2009-0053

SENTENCIA

San Juan, Puerto Rico, a 20 de enero de 2010.

Por medio del presente recurso de *certiorari* se nos solicita que revisemos una Sentencia emitida por el Tribunal de Apelaciones. En la referida Sentencia, el foro apelativo intermedio determinó que una notificación de una resolución en la que no se le informó a la parte perjudicada de su derecho a instar un recurso de apelación, es defectuosa. Como consecuencia de este defecto, el foro apelativo intermedio concluyó que los términos para presentar el recurso de apelación no comenzaron a transcurrir.

Veamos los hechos que dieron marcha a la presente controversia.

I

El 12 de julio de 2007, la Sra. Nayda Moreno González presentó una querella al amparo del procedimiento sumario de reclamaciones laborales,[1] en el Tribunal de Primera Instancia, Sala Superior de Aguada, en contra de la Cooperativa de Ahorro y Crédito de Añasco, en adelante la Cooperativa. En su querella, la señora Moreno González reclamó unas comisiones que alegadamente había dejado de recobrar durante el periodo de junio de 2004 hasta julio de 2007.

Luego de celebrado el juicio, el 9 de junio de 2008, el Tribunal de Primera Instancia dictó Sentencia en la que desestimó la querella presentada por la señora Moreno González, por entender que era de aplicación la doctrina de cosa juzgada.[2] Oportunamente, el 18 de junio de 2008, la señora Moreno González presentó una moción de reconsideración, la cual fue acogida por el foro primario.

Luego de varios trámites procesales, el 2 de julio de 2008, el Tribunal de Primera Instancia emitió una Resolución declarando NO HA LUGAR la moción de reconsideración presentada por la señora Moreno González.

---

[1] Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. § 3118, *et seq*.

[2] El Tribunal de Primera Instancia determinó que la querella presentada por la señora Moreno González era idéntica a otra reclamación presentada anteriormente ante el Negociado de Conciliación y Arbitraje, la cual fue adjudicada en su totalidad por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Ese mismo día, el foro primario le notificó a las partes su determinación utilizando el formulario OAT-750.[3]

Inconforme con la determinación del Tribunal de Primera Instancia, el 5 de agosto de 2008, la señora Moreno González presentó un recurso de apelación ante el Tribunal de Apelaciones.[4]  En el referido recurso, la señora Moreno González alegó que el foro primario erró al aplicar la doctrina de cosa juzgada.  Por su parte, la Cooperativa replicó y le solicitó al foro apelativo intermedio que desestimara el recurso de apelación presentado por la señora Moreno González.  Ello, por entender que la apelación fue presentada fuera del término jurisdiccional de treinta (30) días.  El foro apelativo intermedio declaró NO HA LUGAR la oposición de la Cooperativa y determinó que el recurso de apelación fue presentado dentro del término jurisdiccional, el 5 de agosto de 2008.[5]

Luego de varios trámites procesales, el 22 de octubre de 2008, el Tribunal de Apelaciones dictó Sentencia en la que desestimó el recurso de apelación presentado por la señora Moreno González por entender que era prematuro.  En su sentencia, el foro apelativo intermedio determinó que el Tribunal de Primera Instancia

---

[3]  El referido formulario se utiliza para notificar órdenes y resoluciones.

[4]  En el referido recurso de apelación, la señora Moreno González cuestionó la Sentencia emitida por el foro primario el 9 de junio de 2008.

[5]  *Véase*, Apéndice, pág. 108.

erró al notificar su orden utilizando el formulario OAT-750 debido a que tal formulario no le notifica a las partes de su derecho de apelar una determinación final. A esos efectos, el foro apelativo intermedio sostuvo que el formulario que debió utilizarse era el OAT-082,[6] el cual, además de fijar la fecha del archivo en autos de la copia de la resolución, notifica a las partes de su derecho a apelar la determinación. Consecuentemente, el Tribunal de Apelaciones concluyó que la notificación hecha por el foro de primera instancia fue defectuosa por lo que no había comenzado a transcurrir el término jurisdiccional de treinta (30) días para presentar el recurso de apelación. Por ello, ordenó la devolución del caso al foro primario para que notificara nuevamente a las partes la Resolución emitida el 2 de julio de 2008, esta vez utilizando el formulario OAT-082.[7]

Inconforme con el dictamen emitido por el Tribunal de Apelaciones, la Cooperativa presentó ante nos un recurso de *certiorari* señalando la comisión de los errores siguientes:

> **Erró el Honorable Tribunal de Apelaciones al determinar que la parte querellante-recurrida cumplió con el término jurisdiccional de treinta (30) días para recurrir a dicho foro.**

---

[6] Este formulario se utiliza para notificar resoluciones del Tribunal de Primera Instancia resolviendo una moción de reconsideración.

[7] El Tribunal de Apelaciones indicó que una vez notificada correctamente la referida orden, comenzaría a transcurrir el término para presentar una apelación.

**Erró el Honorable Tribunal de Apelaciones al determinar que la notificación de sentencia del Tribunal de Primera Instancia no era suficiente en Derecho.**

El 12 de junio de 2009, emitimos una Resolución concediéndole a la señora Moreno González un término de veinte (20) días para que mostrara causa por la cual no debíamos expedir el recurso de *certiorari* presentado por la Cooperativa y revocar la Sentencia dictada por el Tribunal de Apelaciones. No habiendo comparecido la parte recurrida, procedemos a resolver.

II

En el presente caso, debemos determinar si el recurso de apelación interpuesto por la señora Moreno González ante el Tribunal de Apelaciones fue presentado dentro del término jurisdiccional de treinta (30) días. Además, debemos determinar si la notificación de la resolución del Tribunal de Primera Instancia adjudicando la moción de reconsideración en la que no se le advierte a las partes del derecho a apelar, constituye o no una notificación defectuosa que impide que comience a transcurrir el término jurisdiccional para instar un recurso de apelación.

A

La Regla 53.1 (c) de Procedimiento Civil[8] dispone, en lo pertinente, que el término jurisdiccional de treinta (30) días para presentar un recurso de apelación comenzará a transcurrir "desde el archivo en autos de una

---

[8] 32 L.P.R.A. Ap. III, R. 53.1 (c).

copia de la notificación de la sentencia dictada por el tribunal apelado".[9]   Cuando se trata de una moción de reconsideración, en *De León Velázquez v. Frito Lay's, Inc.,*[10] expresamos que el término de treinta (30) días para presentar un recurso de apelación comienza a transcurrir desde la fecha en que se archiva en autos una copia de la notificación de la resolución del Tribunal de Primera Instancia resolviendo definitivamente la referida moción de reconsideración.

A esos efectos, el Secretario tiene la obligación, entre otras cosas, de notificar la sentencia y archivar en autos copia de la constancia de la notificación.   Por ello, hemos señalado que el archivo en autos de copia de la notificación a las partes de la sentencia "constituye la constancia oficial de la notificación que la ley

---

[9] *Íd.*   De igual forma, la Regla 46 dispone lo siguiente:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia.   La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia.   La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo.   Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.   32 L.P.R.A. Ap. III, R. 46.

[10] 107 D.P.R. 46 (1978).

requiere", y por su importancia "no es ni puede ser un acto caprichoso del secretario".[11]

En relación al deber de notificación, hemos indicado que "no es un mero requisito impuesto por las Reglas de Procedimiento Civil".[12] Su imperiosidad se debe al efecto que tiene la notificación sobre los procedimientos posteriores a la sentencia.[13] La notificación correcta "es característica imprescindible del debido proceso de ley".[14] En reiteradas ocasiones hemos expresado que el propósito que sirve la notificación es proteger "el derecho de procurar la revisión judicial de la parte afectada por un dictamen a quo adverso".[15] Este propósito queda reiterado por el hecho de que "si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas".[16]

---

[11] Asociación Cooperativa del Falansterio v. Navarro, 70 D.P.R. 929, 932 (1950), citado en Vélez Seguinot v. A.A.A., 164 D.P.R. 772, 788 (2005).

[12] Martínez Inc. V. Abijoe Realty Corp., 151 D.P.R. 1, 8 (2000), citando a Falcón v. Maldonado, 138 D.P.R. 983, 989 (1995).

[13] Íd.

[14] Rodríguez Mora v. García Llorens, 147 D.P.R. 305, 309 (1998).

[15] Véanse, Vélez Seguinot v. A.A.A., supra, a la pág. 789; Hosp. Dr. Domínguez v. Ryder Memorial Hospital, 161 D.P.R. 341, 345 (2004).

[16] Falcón v. Maldonado, supra, a la pág. 990.

En relación al contenido de la notificación, en *Rodríguez v. Tribunal Municipal*,[17] resaltamos que:

> **Cuando se trata de una resolución, el tribunal notifica a las partes sin advertirles de su derecho a apelación.** Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar.[18]

El fundamento reside en que una correcta y oportuna notificación de las órdenes, resoluciones y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.[19]

B

Es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerar dicho asunto aún en ausencia de un señalamiento de las partes a esos efectos.[20] Conforme a ello, las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben resolverse con

---

[17] 74 D.P.R. 656, 664 (1953), citado en Natividad de Jesús Maldonado v. Corporación Azucarera de Puerto Rico, 145 D.P.R. 899, 904 (1998).

[18] Rodríguez v. Tribunal Municipal, *supra*, a la pág. 664, citado en Natividad de Jesús Maldonado v. Corporación Azucarera de Puerto Rico, *supra*, a la pág. 904. (Énfasis nuestro).

[19] Falcón v. Maldonado, *supra*, a la pág. 993.

[20] Ponce Fed. Bank v. Chubb Life Ins. Co., 155 D.P.R. 309, 332 (2001); Juliá v. Epifanio Vidal, S.E., 153 D.P.R. 357, 362 (2001); Vázquez v. A.R.P.E., 128 D.P.R. 513, 537 (1991).

preferencia a cualesquiera otras.[21] La jurisdicción no se presume toda vez que, previo a la consideración en los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender el mismo.[22]

La falta de jurisdicción de un tribunal no es susceptible de ser subsanada.[23] Los tribunales carecen de discreción para asumir jurisdicción donde no la hay.[24] Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa ilegítimamente.[25] Por ello, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime el mismo.[26]

Entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia se encuentra la presentación tardía de un recurso. **Un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado.**[27]

---

[21] S.L.G. Ramos Szendrey v. F. Castillo, 169 D.P.R. 873, 882 (2007); Morán v. Martí, 165 D.P.R. 356, 364 (2005).

[22] Sociedad de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979).

[23] S.L.G. Szendrey Ramos v. F. Castillo, *supra*; Souffront v. A.A.A., 164 D.P.R. 663, 674 (2005).

[24] Ghigliotti v. A.S.A., 149 D.P.R. 902, 906 (2000); Souffront v. A.A.A., *supra*, a la pág. 674; Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980).

[25] Carattini v. Collazo Systems Analysis, Inc., 158 D.P.R. 345, 370 (2003).

[26] Souffront v. A.A.A., *supra*, a la pág. 674.

[27] Rodríguez Díaz v. Pierre Zegarra, 150 D.P.R. 649, 654 (2000); Hernández Apellániz v. Marxuach Const., 142 D.P.R. 492, 498 (1997).

III

En el caso ante nos, el 9 de junio de 2008, el Tribunal de Primera Instancia dictó una Sentencia en la que desestimó la querella presentada por la señora Moreno González. Oportunamente, el 18 de junio de 2008, la señora Moreno González presentó una Moción de Reconsideración la cual fue acogida por el foro primario.

Luego de varios trámites procesales, el 2 de julio de 2008, el Tribunal de Primera Instancia dictó una Resolución en donde declaró NO HA LUGAR la moción de reconsideración presentada por la señora Moreno González. Ese mismo día, el foro primario notificó a las partes su determinación. Por ello, el día 3 de julio de 2008, comenzó a transcurrir el término jurisdiccional de treinta (30) días para instar el recurso de apelación ante el Tribunal de Apelaciones.[28] **Dicho término vencía el viernes 1 de agosto de 2008.**

Sin embargo, no fue hasta el martes 5 de agosto de 2008 que la señora Moreno González presentó su recurso de apelación al Tribunal de Apelaciones, una vez transcurridos los treinta (30) días jurisdiccionales.

La parte querellante-recurrida alegó ante el foro apelativo intermedio que la dilación se debió a que la notificación se efectuó el 3 de julio de 2008 y que el día siguiente, 4 de julio, era día feriado federal. Por esta razón, según la parte querellante-recurrida, la

---

[28] *Véanse*, 32 L.P.R.A. Ap. III, R. 68.1; García Claudio v. García Guevara, 145 D.P.R 659 (1998).

notificación fue recibida el día 5 de julio de 2008. De esa forma, la representación legal de la señora Moreno González pretendió justificar la presentación tardía de su recurso de apelación. Sin embargo, el término jurisdiccional de treinta (30) días para presentar un recurso de apelación comienza a transcurrir "desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado" o a partir del depósito en el correo de la notificación, cuando la fecha de su archivo en autos es distinta a la del deposito en el correo.[29]

Ahora bien, antes de determinar si el recurso de apelación se presentó fuera del término jurisdiccional de treinta (30) días, debemos resolver si la notificación de la Resolución del Tribunal de Primera Instancia fue defectuosa y, por ello, impidió que comenzara a transcurrir el término jurisdiccional para instar un recurso de apelación.

IV

Nos encontramos ante un cuadro fáctico en el que la falta de advertencia en la notificación del Tribunal de Primera Instancia sobre el derecho a instar un recurso de apelación, no incidió en el derecho de la señora Moreno González para acudir en apelación al Tribunal de Apelaciones. Veamos.

---

[29] 32 L.P.R.A. Ap. III, R. 53.1 (c).

En el presente caso, la señora Moreno González presentó oportunamente una moción de reconsideración de la Sentencia desestimatoria emitida por el Tribunal de Primera Instancia. Ante ello, el 2 de julio de 2008, el foro primario dictó una Resolución en donde declaró NO HA LUGAR la referida moción de reconsideración. Ese mismo día, el foro primario notificó a las partes su determinación utilizando el formulario OAT-750[30] (notificación de resoluciones y órdenes) en vez del formulario OAT-082[31] (notificación de reconsideración).[32]

Luego de analizar los autos del caso, encontramos que el Tribunal de Apelaciones erró al determinar que la notificación de la Resolución del Tribunal de Primera

---

[30] Mediante este formulario titulado "Notificación", el Secretario le informa a la parte que: (a) el tribunal ha dictado una resolución; (b) la fecha de la resolución; (c) fecha en que se envió por correo la referida notificación; y (d) fecha del archivo en autos de copia de la notificación. Adviértase, que por la naturaleza de este formulario no se le informa a la parte de su derecho a instar recurso de apelación.

[31] Este formulario intitulado "Notificación de Archivo en Autos de la Resolución de Moción de Reconsideración", le informa a la parte: (a) que el tribunal ha dictado una Resolución; (b) la fecha de la resolución; (c) el derecho a establecer recurso de apelación, revisión o *certiorari*; y (d) fecha del archivo en autos de copia de la sentencia y de la notificación. Para la notificación de sentencias, la Secretaría del Tribunal de Primera Instancia utiliza el formulario OAT-704. En este formulario titulado "Notificación de Sentencia", el Secretario le informa a la parte que: (a) se ha dictado sentencia por el tribunal; (b) la fecha de la sentencia; (c) la fecha en que ésta fue debidamente registrada y archivada en los autos; y (d) el derecho a instar recurso de apelación.

[32] No hay un reglamento interno para la administración del Tribunal de Primera Instancia que establezca la obligación de notificar las determinaciones del referido tribunal utilizando los formularios antes mencionados.

Instancia no era suficiente. Si bien es cierto que el Tribunal de Primera Instancia notificó su resolución utilizando un formulario en el que no se le advierte a las partes de su derecho a apelar, lo cierto es que el Secretario no tenía la obligación de notificarle a la señora Moreno González de tal derecho.[33] Ello, debido a que **cuando se trata de una resolución, el tribunal puede notificarle a las partes sin necesidad de advertirles de su derecho a instar un recurso de apelación.**[34]

Cabe resaltar que, en el presente caso, la notificación no afectó el derecho de la señora Moreno González de quedar enterada de que tenía a su haber un recurso de apelación. Ello quedó evidenciado por el hecho de que la querellante-recurrida presentó su recurso de apelación a pesar de que la notificación omitió informar sobre la disponibilidad del mismo. **Distinto fuera el caso si no se le hubiese notificado a la señora Moreno González de la fecha del archivo en autos de copia de la notificación de la Resolución.**

En su recurso de apelación ante el Tribunal de Apelaciones, la señora Moreno González expresó la razón por la cual presentó su apelación el día 5 de agosto de 2008. En lo pertinente, la señora Moreno González explicó lo siguiente:

---

[33] *Véanse*, Natividad de Jesús Maldonado v. Corporación Azucarera de Puerto Rico, *supra*, a la pág. 904; Rodríguez v. Tribunal Municipal, *supra*, a la pág. 664.

[34] *Íd.*

> Se solicitó reconsideración la cual el dia
> [sic] dos de julio el honorable tribunal
> declaro [sic] no ha lugar (apéndice 3pagina
> 7.[sic]) **la misma fue notificada el dos de
> julio y recibida por el abogado de la
> apelante el 5 de julio ya que el 4 de julio
> fue feriado federal.**[35]

De un minucioso análisis del expediente judicial y del recurso de apelación presentado por la señora Moreno González ante el Tribunal de Apelaciones, no encontramos cuestionamiento alguno referente a la notificación emitida por el Tribunal de Primera Instancia. Por el contrario, la propia parte querellante-recurrida ofreció una explicación para justificar la jurisdicción del foro apelativo intermedio por haber presentado el referido recurso fuera del término prescriptivo de treinta (30) días. Así lo demuestran las expresiones de la parte querellante-recurrida en su escrito de apelación.

Por lo expuesto, concluimos que la notificación a la señora Moreno González no menoscabó su derecho a recurrir en alzada de la determinación del Tribunal de Primera Instancia. Adviértase, que el propósito de la notificación es proteger el derecho a procurar la revisión judicial de un dictamen *a quo* adverso y eso fue precisamente lo que la querellante-recurrida hizo, tardíamente.

En vista de lo anterior, resolvemos que la señora Moreno González fue debidamente notificada y que

---

[35] *Véase*, Apéndice, a la pág. 42. (Énfasis nuestro).

incumplió con el término jurisdiccional de treinta (30) días para recurrir al Tribunal de Apelaciones.

VI

Por los fundamentos antes expuestos, revocamos la Sentencia emitida por el Tribunal de Apelaciones. La notificación de la Resolución del Tribunal de Primera Instancia fue suficiente en derecho y la parte querellante-recurrida incumplió con el término jurisdiccional de treinta (30) días para recurrir al foro apelativo intermedio.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente con Opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.


                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nayda Moreno González
      Querellante-Recurrida

                  v.

                                    CC-2009-0053
Cooperativa    de    Ahorro    y
Crédito de Añasco
      Querellada-Peticionaria


Opinión disidente emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 20 de enero de 2010.

Disiento respetuosamente de la decisión de este Tribunal. Ésta tiene un doble efecto pernicioso. En primer lugar, relaja demasiado la norma que exige que se notifique a las partes cuándo comienza el plazo para apelar. En segundo lugar y como resultado de lo anterior, priva a una parte de su oportunidad de apelar porque lo hizo tarde aunque, irónicamente, la notificación que le daba certeza del inicio del término para apelar fue defectuosa.

Hasta ahora, este Tribunal ha reconocido

siempre la importancia de que el Tribunal de Primera Instancia le notifique a las partes cuándo comienza el plazo para apelar. A tal fin, la Regla 46 de Procedimiento Civil de 1979, según enmendada, 32 L.P.R.A. Ap. II R. 46, establece que "[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo". Véase también la Regla 53.1(c), id. R. 53.1(c). Esto "no es un mero requisito impuesto por las Reglas de Procedimiento Civil". Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 8 (2000), citando a Falcón v. Maldonado, 138 D.P.R. 983, 989 (1995). La notificación correcta "es característica imprescindible del debido proceso de ley". Rodríguez Mora v. García Lloréns, 147 D.P.R. 305, 309 (1998). Por consiguiente, hemos resuelto que "si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas". Falcón v. Maldonado, supra, pág. 990.

El Tribunal se niega hoy a aplicar esa norma en este recurso porque lo que se notificó mal fue una resolución y no una sentencia. Olvida que no estamos ante cualquier resolución sino ante una que por disposición expresa de las Reglas 47 y 53.1(g)(2) de Procedimiento Civil de 1979, según enmendadas, supra R. 47 y R. 53.1(g)(2), tiene el mismo efecto que una sentencia, pues es el dictamen que termina el procedimiento en el Tribunal de

Primera Instancia y el archivo en autos de su notificación es el evento que activa el plazo para apelar.

Por esa razón, no me convence la distinción que hace el Tribunal. De hecho, el caso citado para sostenerla no se refiere a una resolución de las que activa el plazo para apelar sino a una resolución interlocutoria sumaria que no era apelable. En ese tipo de resolución no hay que advertir a las partes de su derecho a apelar, precisamente porque la resolución no es apelable. De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899 (1998). Por otro lado, en Rodríguez v. Tribl. Mpal. y Ramos, 74 D.P.R. 656 (1953), decidimos que una sentencia denominada erróneamente "resolución" era apelable y como tal, su "notificación había sido errónea, ya que se había cursado la notificación correspondiente a una resolución incidental y no a una sentencia final". Id., pág. 667. Nunca resolvimos que la notificación errónea de una resolución no tenía efecto. Además, contrario a lo que resolvemos ahora, revisamos entonces el dictamen del foro primario aunque el recurso se presentó fuera del plazo para apelar, precisamente debido a la notificación defectuosa de la sentencia.

Tratándose de una resolución que puede activar el término para apelar, considero que debemos tratarla igual

que cuando es la sentencia la que activa ese mismo plazo.[36] El hecho de que se haya solicitado reconsideración de la sentencia no debe privarle a ninguna parte de su derecho a que se le indique cuándo comienza el plazo para apelar. Precisamente por eso es que el formulario diseñado para notificar las resoluciones en reconsideración de sentencia es distinto al que se utiliza para notificar las resoluciones interlocutorias.

Más aun, la solución que dio el Tribunal de Apelaciones –declarar prematura la apelación y advertirle a la Secretaría del Tribunal de Primera Instancia que notifique la resolución con el formulario que advierte del derecho a apelar– me parece más justa que la solución a la que llega este Tribunal hoy: declarar tardía la apelación y privar a la parte de la apelación a la que de otro modo tendría derecho. En síntesis, le estamos diciendo a una parte que presentó tarde su apelación en el foro intermedio aunque el Tribunal de Primera Instancia no le advirtió de su derecho a apelar. Estamos declarando tardío un recurso aunque la parte perjudicada no fue informada con certeza del inicio del plazo para apelar.

El formulario OAT-082 se diseñó para evitar esa injusticia. No estoy de acuerdo en que nuestras

---

[36] De hecho, cuando entre en vigor la Regla 47 de Procedimiento Civil de 2009, la resolución emitida para resolver una moción de reconsideración será siempre la que inaugure el término para apelar.

sentencias causen lo que una notificación correcta pudo evitar. Por eso, disiento muy respetuosamente.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado