Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Plan de Bienestar de Salud de la Unión de Carpinteros de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Seaboard Surety Company; Liberty Mutual Insurance; American International Insurance Company<br><br>Recurridos | Certiorari<br><br>2011 TSPR  120<br><br>182 DPR \_\_\_\_ |

Número del Caso: CC        - 2010 - 459

Fecha: 12 de agosto de 2011

Tribunal de Apelaciones:

      Región Judicial de San Juan Panel II

Juez Ponente:
      Hon. José A. Morales Rodríguez

Abogados de la Parte Peticionaria:

      Lcdo. Jorge R. Dávila
      Lcdo. Vicente A. Sequeda Torres

Abogada de la Parte Recurrida:

      Lcda. Norah E. Fernández Vallejo

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está     sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Plan de Bienestar de Salud de
la Unión de Carpinteros de
Puerto Rico

       Peticionario

          v.

Seaboard Surety Company;
Liberty Mutual Insurance;
American International
Insurance Company

       Recurridos

CC-2010-0459

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 12 de agosto de 2011.

Atendemos hoy un asunto que ha causado confusión y ha sido objeto de dictámenes contradictorios en el Tribunal de Apelaciones. Hemos resuelto que si se presenta una moción que interrumpe el término para apelar, éste se reanuda cuando la secretaría del Tribunal de Primera Instancia notifica adecuadamente el dictamen de ese foro con respecto a la moción interruptora. Por consiguiente, si se notifica el archivo en autos del dictamen de manera equivocada, sin advertir a la parte que a partir de ese momento tiene derecho a apelar, la notificación es inadecuada. No es hasta que se haga la notificación de la manera

correcta que se reanuda el plazo para apelar. Así lo resolvimos recientemente en Dávila Pollock v. R.F. Mortg. And Investment Corp., Op. de 8 de junio de 2011, 2011 T.S.P.R. 81, 2011 J.T.S. 86, 182 D.P.R. ___ (2011), ante la notificación de una resolución que resolvió una moción al amparo de la Regla 43.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III.

Ahora resolvemos, por un fundamento idéntico, que la misma norma aplica cuando se notifica incorrectamente la resolución que resuelve una moción instada al amparo de la Regla 47 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III o su equivalente, la Regla 47 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. Por esta razón, resolvemos que la parte peticionaria presentó su recurso oportunamente en el Tribunal de Apelaciones, revocamos la sentencia de ese foro y le devolvemos el caso para que atienda sus méritos.

I

La parte peticionaria, el Plan de Bienestar de Salud de la Unión de Carpinteros de Puerto Rico (en adelante, el Plan), presentó una demanda por cobro de dinero contra tres compañías fiadoras: *Seaboard Surety Company*, *Liberty Mutual Insurance Company* y *American International Insurance Company*. Reclamó ciertas aportaciones al plan médico y de vida de los carpinteros unionados que trabajaban en varios proyectos de construcción de la fiada *Redondo Construction Company*.

El Tribunal de Primera Instancia dictó sentencia sumaria porque, a su juicio, la obligación no estaba garantizada por los contratos de fianza suscritos por las compañías demandadas-recurridas. Copia de la notificación de la sentencia se archivó en autos el 3 de agosto de 2009.

Diez días después, el 13 de agosto de 2009, el Plan presentó una moción de reconsideración. Aunque el título de la moción indicaba que también era una solicitud de determinaciones de hechos adicionales bajo la Regla 43.3 de Procedimiento Civil de 1979, _supra_, una lectura de ella nos convence de que se trataba en verdad de una moción de reconsideración al amparo de la Regla 47, _supra_. Es evidente también que el foro primario consideró la moción conforme a la Regla 47, íd., al acogerla y pedirle a la parte demandada-recurrida que replicara.

Luego de que la parte demandada-recurrida se opusiera a la moción de reconsideración, el Tribunal de Primera Instancia emitió un dictamen el 18 de septiembre de 2009, notificado a las partes el 28 de septiembre siguiente. El tribunal expresó con respecto a la oposición: "Como se pide. Se mantiene dictamen notificada [sic]." La notificación se efectuó con el formulario OAT-750, diseñado para notificar órdenes y resoluciones.

Cuatro días después de que el tribunal notificó su resolución, el Plan solicitó término para replicar a la oposición. Alegó que ésta le fue notificada tardíamente. A

pesar del dictamen emitido, el tribunal concedió el plazo que el Plan solicitó y este último presentó su réplica.

Luego de considerar los planteamientos del Plan, el Tribunal de Primera Instancia dictó una orden el 8 de diciembre de 2009, mediante la cual declaró no ha lugar la réplica a la oposición. El archivo en autos de copia de esta resolución se notificó el 10 de diciembre de 2009. La notificación se tituló "Notificación de archivo en autos de la resolución de moción de reconsideración". Para ello, además del formulario OAT-750 el tribunal utilizó el formulario OAT-082. Este último apercibe a la parte perjudicada de su derecho a apelar.

En efecto, el Plan apeló la sentencia el 8 de enero de 2010, es decir, dentro de los treinta días siguientes a la fecha del archivo en autos de copia de la notificación de la segunda resolución del Tribunal de Primera Instancia. Evidentemente el Plan acató el aviso de la notificación de esa segunda resolución, que indicaba que a partir de entonces tenía derecho a apelar.

En cambio, el Tribunal de Apelaciones, Región Judicial de San Juan, concluyó que el recurso era tardío porque el término para apelar comenzó cuando se notificó la primera resolución y no la segunda. Por esa razón el foro intermedio se declaró sin jurisdicción y desestimó el recurso. En reconsideración, el tribunal reafirmó su dictamen.

Por ello, el Plan recurrió ante nos oportunamente. Señala que no fue hasta que se notificó la segunda resolución que se le comunicó un dictamen con la finalidad y certeza necesarias para poder apelar. El 3 de diciembre de 2010 expedimos el auto de *certiorari*. Luego de recibir la posición de ambas partes por escrito resolvemos la controversia que se trajo a nuestra atención: ¿Tenía jurisdicción el Tribunal de Apelaciones o la apelación se presentó fuera de término?

II

La norma que aquí sentamos acerca del efecto de la utilización del formulario incorrecto para notificar una resolución que reinicia el término para apelar aplica por igual a los casos tramitados bajo las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. Aun así, debemos señalar, de entrada, que la controversia de autos se tramitó según las entonces vigentes Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Según la Regla 47 de ese cuerpo de normas procesales la presentación de una moción de reconsideración interrumpía el término para apelar solamente si el Tribunal de Primera Instancia la acogía antes de resolverla. En cambio, si el tribunal denegaba la moción de plano ésta no interrumpía el plazo para apelar la sentencia. Así pues, la discusión que sigue hará referencia a las reglas de 1979 porque bajo ellas se tramitó el caso y se resolvieron los asuntos procesales que revisamos hoy. La norma de retroactividad

de las reglas procesales no aplica "en cuanto a cuestiones que ya fueron dilucidadas bajo la antigua norma". Morales et al. v. Marengo et al., Op. de 13 de mayo de 2011, 2011 T.S.P.R. 71, 2011 J.T.S. 76, pág. 1401 esc. 4, 181 D.P.R. ___, ___ esc. 4 (2011).

Conforme a las reglas procesales vigentes entonces, el término para apelar se interrumpió al acogerse la solicitud de reconsideración y se reinició cuando el Tribunal de Primera Instancia resolvió la moción y archivó en autos copia de la notificación de su dictamen. Reglas 47 y 53.1(g) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III; Insular Highway v. A.I.I. Co., 174 D.P.R. 793 (2008); Castro v. Sergio Estrada Auto Sales, Inc., 149 D.P.R. 213 (1999); Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184 (1980). Véase, e.g., la Regla 52.2(e) de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. El Tribunal de Apelaciones entendió que en este caso el plazo para apelar comenzó con la notificación de la primera resolución del Tribunal de Primera Instancia, el 28 de septiembre de 2009. El foro intermedio se equivocó.

El término para apelar comenzó al archivarse en autos el 10 de diciembre de 2009, una copia de la notificación de la segunda resolución del Tribunal de Primera Instancia referente al trámite en reconsideración. El foro apelativo intermedio entendió que esa segunda resolución era inoficiosa porque ya el Tribunal de Primera Instancia había declarado "como se pide" la oposición que solicitaba

que se declarara sin lugar la moción de reconsideración y, además, manifestó que mantenía en vigor su sentencia. Además, señaló que la notificación de la primera resolución fue eficaz aunque no contenía la advertencia del derecho a apelar que consta en el formulario OAT-082. Se basó en nuestra Sentencia en Moreno González v. Coop. Ahorro Añasco, 177 D.P.R. 854 (2010). Esa Sentencia no constituye precedente.

El Plan nos señala que la primera resolución no tenía certeza, lo que se evidencia, a su juicio, con la prórroga que le concedió después el foro primario, para replicar a la oposición a la moción de reconsideración. Ese argumento no es convincente. La primera resolución señala sin ambages que se mantiene en vigor la sentencia del tribunal. Una vez una resolución como esa es notificada debidamente, la parte debe saber que se ha resuelto la moción de reconsideración y por ende, se ha reiniciado el término para apelar. Cualquier trámite ulterior en el Tribunal de Primera Instancia no interrumpe ese plazo, pues así lo dictaba la Regla 53.1, supra, y ahora la Regla 52.2, supra.

Ahora bien, esta norma está predicada en la notificación adecuada de la resolución del tribunal. Por eso, en el pasado hemos atisbado que la confusión creada por el tribunal al notificar incorrectamente la resolución de la moción interruptora del plazo apelativo impide que ese término se reanude, a menos que se trate de un error

oficinesco que se pueda enmendar con efecto retroactivo (*nunc pro tunc*). <u>Ramos Ramos v. Westernbank</u>, 171 D.P.R. 629 (2007) (Sentencia). Entre esos errores se encuentran los que ocurren "por inadvertencia u omisión, o errores mecanográficos, o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". <u>S.L.G. Coriano Correa v. K-Mart Corp.</u>, 154 D.P.R. 523, 529 (2001) (énfasis suprimido). Lo mismo puede decirse de los "errores del secretario del tribunal al anotar la sentencia". Íd., pág. 530.

También hemos señalado que no enviar copia de la sentencia, orden o resolución con la notificación del archivo en autos no afecta la efectividad de la notificación. <u>Barletta v. Tribunal Superior</u>, 100 D.P.R. 690 (1972). En cambio, hemos resuelto que la notificación solamente a un abogado que con la autorización del tribunal dejó de representar a una parte y la notificación a una dirección incorrecta, distinta a la que consta en autos, es como si no se hubiese hecho ninguna notificación. <u>Vélez v. A.A.A.</u>, 164 D.P.R. 772, 790 esc. 15 (2005); <u>Rodríguez Mora v. García Lloréns</u>, 147 D.P.R. 305 (1998).

El término para apelar es improrrogable, "transcurre inexorablemente y el tribunal no tiene jurisdicción para entender en un recurso presentado fuera de éste, no

importa las consecuencias procesales que su expiración..."

conlleve. Vélez v. A.A.A., supra, pág. 786.

> Es debido al carácter fatal de este término que hemos indicado que es "imprescindible la pronta y correcta notificación" de las sentencias, ya que según dispone la Regla 53.1 de Procedimiento Civil, ante, [el plazo para apelar] comienza a decursar a partir del archivo en autos de copia de la notificación.
>
> Vélez v. A.A.A., íd., pág. 786, citando a Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 7 (2000).

El archivo en autos de copia de la notificación no es un mero requisito de forma. Martínez, Inc. v. Abijoe Realty Corp., íd., pág. 8; Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 989 (1995). "[C]onstituye la constancia oficial de la notificación que la ley requiere". Asociación Cooperativa v. Navarro, 70 D.P.R. 929, 932 (1950). Por eso la Regla 46 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, establecía claramente que la sentencia no surtiría efecto hasta que se archivara en autos copia de su notificación y que el término para apelar empezaría a correr a partir de la fecha de ese archivo. Lo mismo dispone la Regla 46 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. Véase, además, Vélez v. A.A.A., supra, pág. 788.

La notificación de un dictamen judicial final es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado pueda enterarse de la decisión final que se ha tomado en su contra. Así lo exige el debido procedimiento de ley. Río Const. Corp. v. Mun. de Caguas, 155

D.P.R. 394, 405 (2001); Nogama Const. Corp. v. Mun. de Aibonito, 136 D.P.R. 146, 152 (1994).

> De forma reiterada hemos apuntalado que el deber de notificar a las partes no constituye un mero requisito. Su importancia radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores al dictamen final emitido en un proceso adjudicativo. La falta de una debida notificación podría afectar el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley.
>
> Dávila Pollock v. R.F. Mortg. and Investment Corp., supra, pág. ___.

En fin, la notificación "es 'parte integral de la actuación judicial' y 'requisito sine qua non de un ordenado sistema judicial' ". Vélez v. A.A.A., supra, pág. 789, citando a Caro v. Cardona, 158 D.P.R. 592 (2003). "En reiteradas ocasiones hemos expresado que el propósito que sirve la notificación es proteger 'el derecho de procurar la revisión judicial de la parte afectada por un dictamen a quo adverso' ". Vélez v. A.A.A., supra, pág. 789, citando a Hosp. Dr. Domínguez v. Ryder, 161 D.P.R. 341, 345 (2004) (énfasis suprimido). Por eso hemos señalado que la omisión de los requisitos formales de la notificación "puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, como también crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido". Dávila Pollock v. R.F. Mortg. and Investment Corp., supra, pág. ___.

Amparados en lo anterior, hemos resaltado la importancia de utilizar el formulario correcto, que contiene la

advertencia del derecho de apelar, cuando se notifica a las partes la resolución que reanuda el término para apelar un dictamen final del Tribunal de Primera Instancia. En Dávila Pollock, íd., resolvimos que el término para apelar una sentencia del foro primario se inicia cuando se notifica con el formulario correcto la resolución que resuelve una moción de determinaciones de hechos adicionales, al amparo de la Regla 43.3 de Procedimiento Civil, supra. Véase, e.g., la Regla 43.1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. "De lo contrario, al no advertirle a las partes del término que disponen para ejercer su derecho de apelación, la notificación emitida mediante el formulario incorrecto sería catalogada como defectuosa y el término para apelar no comenzaría a transcurrir". Dávila Pollock v. R.F. Mortg. and Investment Corp., supra, pág. ___. Hoy resolvemos que esa norma es aplicable de igual modo y por el mismo fundamento a las resoluciones que resuelven una moción al amparo de la Regla 47 de Procedimiento Civil, supra. Ambas mociones, presentadas debida y oportunamente, interrumpen el plazo para apelar. Por ende, como señala la parte peticionaria, es imprescindible que la notificación de la resolución que resuelve una de esas mociones, contenga la certeza necesaria para advertir tanto a las partes como al Tribunal de Apelaciones que se reinició el término jurisdiccional para apelar. Véase Sol. Cert., págs. 19-20.

Por consiguiente, concluimos que el término para apelar al foro intermedio comenzó cuando se archivó en autos copia de la notificación de la resolución referente a la moción de

reconsideración, mediante el formulario OAT-082. Este formulario contiene la advertencia de que se reinició el plazo para apelar. Así pues, el término de treinta días para apelar que establecía la Regla 53.1(a) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, comenzó cuando se archivó en autos copia de la segunda notificación, el 10 de diciembre de 2009. Por lo tanto, el Plan apeló a tiempo, el 8 de enero de 2010. Es decir, el Plan apeló dentro de los treinta días del archivo en autos de copia de la notificación correcta de la resolución que resolvió la moción instada al amparo de la Regla 47, supra.

El Tribunal de Primera Instancia actuó bien al emitir una segunda resolución y notificarla mediante el formulario OAT-082, que advirtió a las partes del reinicio del término para apelar. Al proceder así, el foro primario salvaguardó las garantías procesales del Plan, que emanan del debido proceso de ley y que no se observaron en la notificación de la primera resolución. Al no hacer esta distinción, el Tribunal de Apelaciones incidió cuando se declaró sin jurisdicción para atender el recurso.

### III

Por los fundamentos expuestos, se dictará Sentencia para revocar el dictamen del Tribunal de Apelaciones objeto de este recurso y devolver el caso a ese foro para que lo atienda en los méritos.

Se dictará Sentencia de Conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Plan de Bienestar de Salud de
la Unión de Carpinteros de
Puerto Rico

       Peticionario

          v.

Seaboard Surety Company;
Liberty Mutual Insurance;
American International
Insurance Company

       Recurridos

CC-2010-0459

SENTENCIA

En San Juan, Puerto Rico, a 12 de agosto de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca el dictamen del Tribunal de Apelaciones objeto de este recurso y se devuelve el caso a ese foro para que lo atienda en los méritos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disiente de este caso por las mismas razones que lo llevaron a emitir una Opinión Disidente en _Dávila Pollock v. R.F. Mortg. and Investment Corp._, res. el 8 de junio de 2011, 2011 T.S.P.R. 81, decisión en la que se adoptó la norma que el Tribunal aplica hoy. Se reafirma, pues, en su criterio de que, al privilegiar la forma de una notificación sobre la sustancia de la orden o resolución que se notifica, se relajan los requisitos de competencia y diligencia que deben regir en nuestro ordenamiento procesal civil. La Juez Asociada señora Rodríguez Rodríguez se une al disenso del Juez Presidente señor Hernández Denton. La Jueza Asociada señora Fiol Matta no intervino. El Juez Asociado señor Rivera García no interviene.

               Aida Ileana Oquendo Graulau
            Secretaria del Tribunal Supremo