Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ROBERTO MORALES CABÁN **Apelante** V. CARMEN GARCÍA GUTIÉRREZ **Apelada** | KLAN202300856 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de CAROLINA Civil. Núm. CA2023CV01576 Sobre: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

El 25 de septiembre de 2023, el Sr. Roberto Morales Cabán (apelante o señor Morales) acudió ante nos mediante una *Apelación Civil* y solicitó la revocación de una *Sentencia* que se dictó el 31 de agosto de 2023 y se notificó el 1 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI desestimó con perjuicio una demanda sobre daños y perjuicios que presentó el apelante.

Por los fundamentos que exponemos a continuación, ***revocamos*** la *Sentencia* apelada.

**I.**

El 17 de mayo de 2023, el señor Morales presentó una *Demanda* sobre daños y perjuicios contra la Sra. Carmen García Gutiérrez (apelada o señora García).[1] Alegó que, a finales del 2020, la señora García aumentó el volumen de su radio de manera tal que el sonido se escuchaba en su residencia, la cual se ubicaba a 1.6 kilómetros de distancia. Adujo que el aludido sonido se escuchaba

---

[1] *Véase*, Apéndice del recurso, págs. 1-4.

incluso con las ventanas cerradas y en horas de la madrugada. Esbozó que se reunió con varios vecinos los cuales compartieron sus inquietudes ante el ruido proveniente de la propiedad de la señora García. Indicó que, pese a distintas gestiones realizadas por los vecinos para disuadir la conducta de la apelada, la situación persistió. Además, sostuvo que las autoridades policiacas, tanto la municipal como la estatal, se negaron a intervenir. Finalmente, indicó que la situación se tornó tan insoportable que tuvo que vender su residencia, la cual fue su hogar por décadas, debido a la perturbación a su paz por parte de la señora García.

Ante este escenario, solicitó una compensación no menor de quinientos mil ($500,000.00) dólares por los daños a su derecho constitucional a vivir en paz en su hogar. Asimismo, solicitó la imposición del rembolso de todos los gastos incurridos incluyendo honorarios de abogados.

Por su parte, el 6 de junio de 2023, la señora García presentó una *Moción en Solicitud de Desestimación*.[2] En síntesis, argumentó que las alegaciones que surgían de la *Demanda* no exponían una reclamación que justificara la concesión de un remedio. Asimismo, planteó que aun tomando como ciertas dichas alegaciones, estas no describían hechos específicos de acciones dirigidas hacia el apelante. Finalmente, sostuvo que no existían daños continuos y que la única fecha en la cual se alegó la comisión de algún daño era a finales del 2020, por lo cual la acción estaba prescrita.

En respuesta, el 8 de agosto de 2023, el apelante presentó una *Oposición a la Solicitud de Desestimación*.[3] En esencia, argumentó que las alegaciones de su *Demanda* informaron adecuadamente a la señora García las razones por las cuales se le estaba reclamando. De igual forma, sostuvo que el término prescriptivo de la causa de

---

[2] Íd., págs. 5-11.
[3] Íd., págs. 12-15.

acción ya se había interrumpido, ya que en el caso civil núm. CN2022CV00133, el apelante había presentado una demanda contra tercero contra la apelada. Afirmó que dicha demanda contra tercero fue desestimada sin perjuicio mediante una *Sentencia Parcial* que se emitió el 8 de febrero de 2023 y a partir de tal fecha, comenzó a transcurrir nuevamente el término prescriptivo de la causa de acción.

De otro lado, el 18 de agosto de 2023, la apelada presentó una *Réplica a "Oposición a la Solicitud de Desestimación"*.[4] Explicó que, la demanda no expuso una relación sucinta y sencilla de los hechos alegados. A su vez, arguyó que las alegaciones en la demanda no demostraron con suficiente claridad y especificidad algún hecho sufrido directamente por el apelante y tampoco estableció nexo causal entre las alegaciones y la apelada.

Evaluado estos escritos, el 31 de agosto de 2023, el TPI emitió su *Sentencia*.[5] En esta, declaró Ha Lugar la moción de desestimación y consecuentemente, desestimó con perjuicio la causa de acción presentada por el apelante. Inconforme, el 25 de septiembre de 2023, el señor Morales acudió ante este foro y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al privar al apelante de su derecho a un día en corte, en violación a la política pública de atender los asuntos ante sí en sus méritos y sin proveer razonamiento alguno en derecho.**
>
> **Erró el Tribunal de Primera Instancia al adoptar la radical medida de desestimar la demanda.**

Atendido el recurso, el 27 de septiembre de 2023, emitimos una *Resolución* en la cual le concedimos hasta el 25 de octubre de 2023 a la parte apelada para que presentara su alegato en oposición. Oportunamente, el 25 de octubre de 2023, compareció la señora

---

[4] Íd., págs.16-19
[5] Íd., pág. 20

García con su *Oposición a Apelación* y negó que el TPI cometiera los errores que el señor Morales le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

**II.**

Una persona contra quien se haya presentado una reclamación judicial puede solicitar su desestimación cuando, de la faz de las alegaciones de la demanda, surja que alguna defensa afirmativa puede derrotar la pretensión del demandante. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1077-1078 (2020). A tales efectos, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 establece varias defensas privilegiadas que pueden ser presentadas en cualquier momento, mediante moción debidamente fundamentada. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 820-821 (2013). Específicamente, la referida regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) Falta de jurisdicción sobre la materia;
>
> (2) Falta de jurisdicción sobre la persona;
>
> (3) Insuficiencia del emplazamiento;
>
> (4) Insuficiencia del diligenciamiento del emplazamiento;
>
> (5) Dejar de exponer una reclamación que justifique la concesión de un remedio;
>
> (6) Dejar de acumular una parte indispensable;

Ahora bien, en lo pertinente a la controversia ante nos, el quinto inciso de la Regla 10.2 de Procedimiento Civil, *supra*, permite al demandado solicitar la desestimación de una acción cuando esta "deja de exponer una reclamación que justifique la concesión de un remedio". En tales casos, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos procesales. *Cruz Pérez*

*v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Cabe precisar que, al evaluar una moción de desestimación bajo este fundamento, es necesario que el tribunal considere como ciertas todas las alegaciones fácticas que hayan sido aseveradas de manera clara en la demanda. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Así, el Tribunal Supremo de Puerto Rico ha expresado en diversas ocasiones que, ante una moción de desestimación, las alegaciones hechas en la demanda hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016).

Ahora bien, es importante enfatizar que, al plantearse la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio, **la demanda no debe desestimarse a menos que se desprenda con toda certeza que la parte no tiene derecho a remedio alguno, independientemente de los hechos que puedan ser probados en apoyo a su reclamación.** (Énfasis suplido) *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR, 497, 505 (1994). Por este motivo, el Tribunal tendrá que examinar con extrema cautela los hechos alegados y asegurarse de que no existe remedio a favor de la parte demandada y que la insuficiencia es de tal naturaleza que no permite el ejercicio de la acción correspondiente. *Rodríguez v. Tribunal Municipal y Ramos*, 74 DPR 656, 665 (1953). **De igual forma, el Tribunal Supremo ha establecido que no procederá la desestimación de una demanda si esta es susceptible de ser enmendada.** (Énfasis suplido) *Colón v. Lotería*, 167 DPR 625, 649 (2006). En fin, la desestimación de la reclamación judicial procede cuando surja de los hechos bien alegados en la demanda que la parte demandante no tiene derecho a remedio alguno. *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010).

Nuestro estado de derecho reconoce e impulsa la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, **constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia.** (Énfasis suplido) *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

**III.**

En el caso de autos, el señor Morales impugnó una *Sentencia* que el TPI dictó el 31 de agosto de 2023 y notificó el 1 de septiembre de 2023 desestimando con perjuicio su causa de acción. Específicamente, en su primer señalamiento de error, el apelante argumentó que el foro primario violó la política pública de atender los asuntos que están ante su consideración en sus méritos. Por otro lado, en su segundo señalamiento de error, planteó que el TPI erró al adoptar la radical medida de desestimar la demanda. Le asiste la razón. *Veamos.*

Por estar intrínsecamente relacionados, atenderemos ambos señalamientos de error de manera conjunta. En la presente controversia, la señora García presentó una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* fundamentándose en que las alegaciones no contenían una reclamación que justificara la concesión de un remedio. Entendemos que una lectura de las alegaciones de la *Demanda* según lo requiere una moción al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra,* demuestra que el señor Morales podría tener derecho a un remedio si se probaran los hechos alegados. Por ello, tomando en consideración la política pública que rige en nuestro ordenamiento jurídico de que la desestimación de una

causa de acción constituye el último recurso al cual se debe acudir y favoreciendo la creencia de que los casos deben ventilarse en sus méritos, resolvemos que, en esta etapa de los procedimientos, la desestimación de la causa de acción es una sanción muy drástica.

Ante lo antes expresado y de una lectura conjunta, liberal y de la manera más favorable al apelante, le devolvemos el caso al TPI para que le permita al peticionario enmendar su demanda. De esta forma, colegimos que los errores formulados por el señor Morales se cometieron toda vez que el TPI incidió al desestimar la demanda en el caso de autos. Por último, aclaramos que con este dictamen no estamos prejuzgando la procedencia de la demanda.

**IV.**

Por los fundamentos antes expuestos, **revocamos** la *Sentencia* apelada y le devolvemos el caso al TPI para que proceda conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones